Dewey **BULLARD**, Movant–Appellant,

v.

**STATE of Missouri**, Defendant–
Respondent.

No. 75310.

Supreme Court of Missouri,
En Banc.

May 25, 1993.

---

William D. Rotts, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

BENTON, *Judge.*

Dewey Bullard appeals the dismissal, for untimely filing, of his Rule 29.15 motion, claiming abandonment by appellate counsel. After opinion by the Court of Appeals, Western District, this Court granted transfer. *Rule 83.03.* The judgment below is affirmed.

### I.

Bullard was convicted by a Boone County jury of sexual assault in the first degree, and sentenced to a term of four years. Bullard timely filed a notice of appeal.

Bullard fired his trial counsel, and hired a new attorney for the appeal. According to the motion below, this new attorney also agreed to represent Bullard in his Rule 29.15 proceedings. Allegedly, this new attorney told Bullard that a 29.15 motion could be timely filed *after* the appellate court ruled on the direct appeal.

On direct appeal, Bullard's conviction and sentence were affirmed by order, pursuant to Rule 30.25(b). *State v. Bullard,* 847 S.W.2d 68 (Mo.App.1991). Because the transcript was filed on March 28, 1991, Bullard's 29.15 motion was due on April 29, 1991. *Rules 29.15(b), 44.01(a).* No Rule 29.15 motion was filed by April 29, 1991.

After his conviction was affirmed, Bullard fired this second attorney, and hired yet a third attorney to pursue post-conviction relief. Bullard filed a Rule 29.15 motion on December 20, 1991. The motion court originally denied leave to file this motion, but later allowed Bullard to file an amended motion claiming he was abandoned by appellate counsel. The amended motion was filed on January 15, 1992. On January 29, 1992, the motion court dismissed the Rule 29.15 motion for failure to comply with the time limits of the Rule.

Bullard raises two claims on appeal. First, Bullard requests that this Court interpret Rule 29.15 to allow claims of abandonment to excuse the untimely filing of the original motion. Second, Bullard argues that strict interpretation of the time limits in Rule 29.15 for filing the original motion would interfere with his state and federal constitutional rights.

### II. Abandonment in the Original Motion

■ Rule 29.15 establishes time limits for filing an original motion. *Rule 29.15(b)* Bullard analogizes these time limits to those for filing an amended motion. *Rule 29.15(f).*

Previously, this Court recognized that abandonment will excuse the untimely filing of an amended motion if the movant is without fault. *Sanders v. State,* 807 S.W.2d 493, 495–95 (Mo. banc 1991); *Luleff v. State,* 807 S.W.2d 495, 497–98 (Mo. banc 1991). Despite Bullard's arguments, these two circumstances are not analogous.

■ An amended motion differs significantly from the original motion. An amended motion is a final pleading, which requires legal expertise. Counsel must be appointed for indigent movants in order to assure its proper drafting. *Rule 29.15(e).* An original motion, on the other hand, is relatively informal, and need only give no-

tice to the trial court, the appellate court, and the State that movant intends to pursue relief under Rule 29.15. As legal assistance is not required in order to file the original motion, the absence of proper legal assistance does not justify an untimely filing. *Cf. Ake v. Oklahoma*, 470 U.S. 68, 82–83, 105 S.Ct. 1087, 1095–96, 84 L.Ed.2d 53 (1985) (indigent defendant has a right to psychiatric assistance, but first must show that such assistance is necessary to his defense). In combination with *Luleff* and *Sanders*, this Court recognizes the right—created by Rule 29.15—to assistance of counsel, but only after a defendant indicates an intent to seek relief under Rule 29.15 by filing the original motion.[1]

### III. Constitutional Issues

Bullard alleges that the strict time limits violate his constitutional right to a review of asserted violations of his right to counsel in his original trial.

■ The time limits of Rule 29.15 allow at least 90 days from a final judgment of the trial court before the original motion is due. The original motion is not held to any level of strict formality and serves mostly to give notice that an individual desires to pursue relief under Rule 29.15. Rule 29.15 neither anticipates nor requires a detailed investigation by movant before the motion is filed. A movant has sufficient time to list those facts known to the movant that would justify relief. *Rule 29.15*. Therefore, the time limits are reasonable and do not infringe a movant's due process rights. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

### IV.

The judgment below is affirmed.

All concur.