Christopher J. SPELLS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 66116.

Missouri Court of Appeals,
Western District.

Jan. 30, 2007.

Ruth Sanders, Esq., Kansas City, MO, for Appellant.

Shaun J. Mackelprang, Esq., Jefferson City, MO, for Respondent.

Before ULRICH, P.J., LOWENSTEIN and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

## I. FACTS

On March 20, 2003, a jury convicted Appellant of trafficking in the first degree pursuant to Section 195.222, RSMo[1] The court sentenced Appellant to a term of fifteen years imprisonment. Appellant appealed his conviction and this court affirmed the conviction on April 7, 2005. Appellant then mailed a *pro se* Rule 29.15 motion to the Circuit Court of Lafayette County at P.O. Box 340. The post office received Appellant's motion on July 1, 2005, but returned it to him as undeliverable because Appellant addressed the envelope with the incorrect P.O. Box. When the notice of appeal was filed, the court's address was P.O. Box 340. At the time of filing of the Rule 29.15 motion, the new address in Lexington was P.O. Box 10. The first mailing was returned to the appellant by the post office with the words, "Forwarding Order Has Expired." Appellant then mailed his motion to P.O. Box 10, and the circuit court received and file-stamped it on July 13, 2005.

A pro se Rule 29.15 motion must be filed within 90 days of the appellate court's mandate in the appellant's direct appeal pursuant to Rule 29.15(b). In this case, 90

days from this court's mandate affirming Appellant's conviction was July 6, 2005. Therefore, Appellant's first mailing was timely, but his second mailing was not. Accordingly, the State filed a motion to dismiss Appellant's motion as untimely, which the circuit court granted. This appeal follows.

## II. STANDARD OF REVIEW

■ Appellate review of an order sustaining or overruling a motion filed pursuant to Section 29.15 is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k) The findings and conclusions are deemed clearly erroneous only if a full review of the record leaves the appellate court with the "definite and firm impression a mistake has been made." *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996).

## III. DISCUSSION

■ The time limitations contained in Rule 29.15 are valid and mandatory. *State v. Six*, 805 S.W.2d 159, 170 (Mo. banc 1991). "An untimely motion deprives the motion court of jurisdiction, and the court must dismiss the motion even if not requested to do so by the state." *Matchett v. State*, 119 S.W.3d 558, 559 (Mo.App. 2003). A mechanical application of this rule would result in a determination that Appellant's motion was untimely because it was not filed with the circuit court until seven days after the 90–day limitation contained in Rule 29.15(b). Nonetheless, this court reverses.

■ "The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take ... to ensure that the court clerk receives and stamps

1. All statutory citations are to RSMo (2000)   unless otherwise indicated.

their notices of appeal before the ... deadline." *Houston v. Lack*, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Rule 29.15 is designed to "avoid [ ]delay in the processing of prisoners['] claims and prevent the litigation of stale claims." *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989).

There is no indication in this case that Appellant intended to cause delay. Indeed the post office received Appellant's motion and returned it to him on July 1, five days before the deadline. The mere fact that Appellant addressed his envelope to the incorrect P.O. Box should not deprive Appellant of his day in court. Further, the address Appellant mailed his motion to *was* the correct address for the circuit court in July 2004, when Appellant mailed his direct appeal to the circuit court. The unfairness of a mechanical application of Rule 29.15(b) is made even more glaring by the fact that the post office received Appellant's motion *one day* after the "forwarding" period for the circuit court's mail expired. Therefore, Appellant's motion, which was addressed to P.O. Box 340 (the circuit court's address until July 1, 2004) did not arrive at P.O. Box 10.

In *Nicholson v. State*, 151 S.W.3d 369 (Mo. banc 2004), the Supreme Court of Missouri held that Section 476.410, in conjunction with Rule 51.10, rendered an otherwise untimely Rule 29.15 motion timely. Section 476.410 provides that when an appeal or motion is filed in the incorrect circuit court, that circuit court must transfer the case to the proper circuit court. Rule 51.10 provides that the court in which an action is transferred must treat the action as if it had originated in that court and use the original filing date for purposes of timeliness. In that case, the appellant filed an appeal in the circuit court of the City of St. Louis instead of Cape Girardeau County. The appeal was timely filed in the City of St. Louis but untimely when the appeal ultimately reached Cape Girardeau County. In addition to concluding that Rule 51.10 applies to appeals or motions filed pursuant to Rule 29.15, the Supreme Court acknowledged that notions of practicality and fairness facilitated the holding. "An incarcerated person seeking post-conviction relief must prepare and file his or her own motion only 'with such help as he can obtain within the prison walls or the prison system.'" *Nicholson*, 151 S.W.3d at 371 n. 1 (quoting *Johnson v. Avery*, 393 U.S. 483, 488, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969)).

In this case, unlike *Nicholson*, Appellant cannot avail himself of a statute or rule to avoid a strict application of the time limitations contained in Rule 29.15 and render his untimely motion timely. Like the appellant in *Nicholson*, however, Appellant made an honest, minor clerical mistake in filing his *pro se* motion to the circuit court. The motion court noted these circumstances but felt compelled to a strict application of Rule 29.15 and granted the state's motion to dismiss. Because the motion court believed as a matter of law that it could not entertain the motion, we believe the court misapplied the law in light of *Nicholson*. Consistent with the spirit of Rule 29.15 and *Nicholson*, this court reverses. It should be noted that this decision is narrowly focused on and dependent on the specific facts of this case.

Accordingly, the circuit court's granting of the State's motion to dismiss is REVERSED and the cause is REMANDED.

All concur.