Vincent McFADDEN, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 88895.

Supreme Court of Missouri,
En Banc.

June 30, 2008.

Janet M. Thompson, Columbia, for Appellee.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. Woods, Asst. Atty. Gen., Jefferson City, for Respondent.

PATRICIA BRECKENRIDGE, Judge.

Mr. McFadden appeals the dismissal of his Rule 29.15 motion, claiming that his motion should be re-opened and considered on the merits because he timely prepared it and sent it to his counsel, at her direction, and she then abandoned him and failed to file it within the 90–day time period provided in Rule 29.15(b). After opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10. This Court holds that counsel's actions constituted abandonment, and the judgment below is reversed.

**Factual and Procedural Background**

Mr. Vincent McFadden was charged with three counts of first-degree assault, three counts of armed criminal action, and one count of unlawful use of a weapon. A jury convicted Mr. McFadden of two counts of first-degree assault, two counts of criminal action, and one count of unlawful use of a weapon. He was sentenced to an aggregate of thirty years imprisonment.

Mr. McFadden appealed his convictions, and the court of appeals affirmed, issuing a mandate on July 13, 2006. *State v. McFadden*, 193 S.W.3d 305, 306 (Mo.App. 2006). Rule 29.15 requires that a motion for post-conviction relief must be filed within 90 days of issuance of the appellate court's mandate. In the usual case, the court then appoints counsel for the litigant, if indigent, and counsel then files an amended motion. *Id.*

Here, a public defender initiated contact with Mr. McFadden while he was incarcerated and after the mandate had issued. Although the record does not indicate the entirety of the conversation, it does show that she directed him to send his Rule 29.15 motion for post-conviction relief directly to her and told him that she would hand-file it before the due date.

As the mandate issued on July 13, 2006, Mr. McFadden's motion was required to be filed on or before October 11, 2006. He prepared, signed, and notarized his *pro se* motion on September 25, 2006, and placed it in the mail to the public defender. The public defender received Mr. McFadden's motion on September 28, 2006, 13 days before the filing deadline. Nevertheless, she did not file the motion until October 12, 2006, the 91st day after the mandate issued. Subsequent to the filing, the motion court appointed the public defender to represent Mr. McFadden. The public defender then entered her appearance as Mr. McFadden's appointed counsel in his post-conviction relief case.

The prosecutor filed a motion to dismiss Mr. McFadden's post-conviction motion due to his failure to comply with the 90–day time limit imposed in Rule 29.15(b). The public defender responded, arguing that she, as counsel, abandoned Mr. McFadden when she did not timely file his post-conviction relief motion and, as such, his late filing should be allowed. The motion court found that the public defender did not represent Mr. McFadden at the time of the filing, as the court had not yet appointed her. It dismissed his Rule 29.15 motion and overruled a motion for reconsideration.

**Standard of Review**

Review of denial of post-conviction relief under Rule 29.15 is limited to determining whether the motion court's "findings of fact and conclusions of law are

clearly erroneous." *Worthington v. State,* 166 S.W.3d 566, 572 (Mo. banc 2005). The appellate court will disturb the motion court's disposition only if the reviewing court is "left with the definite and firm impression that a mistake has been made." *Id.*

### Mr. McFadden's Late Filing

■ Under normal circumstances, if a movant fails to file a Rule 29.15 motion within the 90–day time limit set by Rule 29.15(b), the motion is untimely and the motion court is compelled to dismiss it. This Court has recognized a narrow exception to this requirement, however, that permits a circuit court to reopen an otherwise final post-conviction case when a post-conviction movant is abandoned by counsel. *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 217–18 (Mo. banc 2001). But, "relief is to be ordered only when a movant is free of responsibility for the failure to comply with the requirements of the rule." *Sanders v. State,* 807 S.W.2d 493, 495 (Mo. banc 1991); see also *Luleff v. State,* 807 S.W.2d 495, 498 (Mo. banc 1991) (noting that movant may not benefit if failure to comply with rule is due to his own negligence or intentional failure to act). The abandonment doctrine does not modify the requirements of Rule 29.15 nor is it a substitute for an impermissible claim of ineffective assistance of counsel. See *Barnett,* 103 S.W.3d at 773–74. Mr. McFadden failed to timely file his Rule 29.15 motion; therefore, dismissal of his case is required unless he falls within the abandonment exception.

### Attorney–Client Relationship

■■ The state argues that he cannot establish that the public defender abandoned him when she failed to file his post-conviction motion, because that failure occurred before her formal appointment as his counsel and, thus, before there was any attorney-client relationship that could be abandoned. There are no technical guidelines for determining exactly when an attorney-client relationship is established. The absence of such guidelines generally has no impact on the analysis as parties usually agree whether an attorney-client relationship exists. When there is a dispute as to the existence, this Court looks at the conduct of the parties to determine whether such a relationship exists. See Rule 4, Preamble, [17] (stating that "[w]hether a client-lawyer relationship exists for any specific purpose can depend on the circumstances and may be a question of fact"). An attorney-client relationship "is sufficiently established when the advice and assistance of [the] attorney is sought and received in matters pertinent to her profession." *State v. Longo,* 789 S.W.2d 812, 815 (Mo.App.1990). See also *Donahue v. Shughart, Thomson & Kilroy, P.C.,* 900 S.W.2d 624, 626 (Mo. banc 1995).

Two cases of this Court offer guidance as to conduct and facts this Court may evaluate to determine the existence, or lack thereof, of an attorney-client relationship. In *Flanagan v. DeLapp,* 533 S.W.2d 592, 596 (Mo. banc 1976), Mr. DeLapp served as an attorney regarding guardianship of the estate of Mr. Joseph Flanagan's brother. This Court noted that even though no evidence existed that Mr. DeLapp served as attorney for Mr. Flanagan "in any individual matters, it also was true that [Mr. Flanagan] had no other attorney handling such matters." *Id.*

Thus, the only attorney-client relationship which Joseph had with any lawyer, so far as the evidence discloses, was the one with DeLapp in connection with the guardianship of the estate of Joseph's brother. That relationship had continued over a period of time and was one in which Joseph would look to and rely upon DeLapp for professional and confi-

dential advice and information. It is unrealistic to conclude that said relationship and confidence existed only so long as DeLapp dealt with matters in the brother's estate but disappeared completely when he dealt with Joseph about a conveyance of his own property.... Accordingly, we hold that a confidential attorney-client relationship existed.

*Id.*

■ Likewise, here, Mr. McFadden had no other attorney handling his post-conviction matters. The public defender undertook to represent Mr. McFadden when she provided legal advice and directed him to provide the motion directly to her for filing. Mr. McFadden reasonably relied upon these instructions. At that time, no 29.15 motion having yet been filed, no case existed to which a public defender could formally be appointed. The fact that the court had yet to appoint the public defender or that she had not yet entered an appearance is in no way dispositive as to the formation of an attorney-client relationship, however. This Court looks to the substantive nature of the contacts within a relationship, regardless of what formal or procedural incidents have occurred, to determine whether "advice and assistance of [the] attorney is sought and received." *Longo,* 789 S.W.2d at 815.

As in *Flanagan,* this Court will not apply technical constructs when establishing the existence of an attorney-client relationship. Mr. McFadden is a convicted offender. The public defender is a licensed attorney. She initiated contact and spoke with Mr. McFadden about his motion for post-conviction relief, directing him to send the motion to her for filing, and he did so. These actions established an attorney-client relationship.

In contrast to *Flanagan,* in *In re Walter K. Disney,* 922 S.W.2d 12 (Mo. banc 1996), this Court determined that an attorney-client relationship did not exist. Mr. Stauffer alleged that Mr. Disney, an attorney, failed to utilize reasonable diligence and failed to sufficiently inform him, in addition to other allegations. *Id.* at 14. In order for this Court to assess the alleged violations of Mr. Disney's ethical responsibilities, it had to first establish whether an attorney-client relationship existed between the two men. *Id.* The evidence, there, "establishe[d][Mr.] Disney had been [Mr.] Stauffer's attorney in the past, but the attorney-client relationship ended when [Mr.] Disney completed the last legal task, revision of a will in 1988." *Id.* This Court noted that, " '[W]here the purpose of an attorney's employment has been accomplished, the relationship terminates.' " *Id.* This Court went on to emphasize that Mr. Stauffer testified he knew the two parties involved in the transaction at issue "were on 'two different sides' and a lawyer should not represent both sides," that Mr. "Stauffer described their transaction as 'strictly business' and, understood they could be in conflicting positions." *Id.* at 14–15. Furthermore, Mr. Stauffer did not seek out Mr. Disney for any legal advice or preparation of documents. *Id.* at 15. As such, "[t]he preponderance of the evidence showed no attorney-client relationship existed following the will execution." *Id.*

Here, the record demonstrates no previous relationship between Mr. McFadden and the public defender that had ended and no legal task that the public defender completed. To the contrary, Mr. McFadden now needed assistance with a new task, filing his post-conviction relief motion, and the public defender both initiated contact and undertook providing legal advice. Nothing in the record establishes any indication of conflicting interests by the public defender or any indication that she was not acting on Mr. McFadden's

behalf. The public defender specifically advised Mr. McFadden on the filing of his Rule 29.15 motion. When this Court reviewed the relationship in *Disney,* all the factors that negated the existence of an attorney-client relationship, there, are the converse, here. This Court holds that an attorney-client relationship between Mr. McFadden and the public defender existed at the time she instructed Mr. McFadden to mail his post-conviction relief motion to her.

### Abandonment

■ The state alternatively argues that, even if an attorney-client relationship existed between Mr. McFadden and the public defender, the public defender's actions do not constitute abandonment because this Court has only found abandonment in two situations: "when (1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner." *Barnett v. State,* 103 S.W.3d 765, 773–774 (Mo. banc 2003). And, the state cites *Bullard v. State,* 853 S.W.2d 921, 923 (Mo. banc 1993), for the proposition that abandonment does not occur simply because post-conviction counsel was ineffective, even if the form of ineffective assistance resulted in a failure to file the original *pro se* post-conviction motion.

In *Bullard,* movant claimed that he was told by his counsel on appeal that he did not have to file his Rule 29.15 motion until after his direct appeal was concluded. This was not accurate under the rules then in effect. As a result, Bullard did not prepare or file his post-conviction motion until more than six months after the deadline for doing so had passed—by which point he had fired the attorney he alleged gave him the bad advice. *Id.*

This Court held that this sequence of facts did not excuse his late filing, for the original post-conviction relief motion required by Rule 29.15 is relatively informal in that it needs only to provide notice to the court: "As legal assistance is not required in order to file the original motion, the absence of proper legal assistance does not justify an untimely filing." *Bullard,* 853 S.W.2d at 923.[1] "[T]his Court recognize[d] the right—created by Rule 29.15—to assistance of counsel, but only after a defendant indicates an intent to seek relief under Rule 29.15 by filing the original motion." *Id.*

Certainly, the state is correct that *Bullard* held that ineffective assistance of counsel in informing his client when a post-conviction motion is due does not constitute abandonment. That is not what occurred here, however: the public defender accurately told Mr. McFadden when his motion had to be filed, but she then told him to give it to her for filing and then simply abandoned that undertaking. *Bullard,* thus, is not dispositive.

Further, in very rare circumstances beyond the two noted by the state, our courts have found an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion by the proper court. In *Nicholson v. State,* 151 S.W.3d 369 (Mo. banc 2004), this Court held that where a motion was filed within the 90–day time period but sent to the wrong court, it should be considered timely filed and the court should have transferred it to the proper circuit court

---

1. While a movant is not entitled to legal assistance with filing his original post-conviction relief motion, nothing prohibits legal assistance with the original filing.

rather than dismiss it. *See also Spells v. State*, 213 S.W.3d 700 (Mo.App.2007) (where movant timely prepared and mailed Rule 29.15 motion five days prior to due date but post office box had changed and it was returned and then received at correct post-office box after deadline, motion would be considered timely filed).

Here, as in *Nicholson* and *Spells*, and unlike in *Bullard*, the record shows that Mr. McFadden timely prepared and mailed his motion—and did so some two weeks prior to the filing deadline. Rather than mail it to the court directly, however, he followed his counsel's express direction, and mailed it to her, because counsel had affirmatively undertaken to file the motion for him. She did not do so timely.

Counsel's failure did not occur due to a lack of understanding of the rule, out of an ineffective attempt at filing, or as a result of "an honest mistake," *Matchett v. Missouri*, 119 S.W.3d 558, 559 (Mo.App.2003), none of which will justify failure to meet the time requirements. Rather, the public defender undertook to represent Mr. McFadden and then simply abandoned that representation.

Mr. McFadden, on the other hand, did all he could to express an intent to seek relief under Rule 29.15, took all steps to secure this review, and was "free of responsibility for the failure to comply with the requirements of the rule." *Sanders*, 807 S.W.2d at 495. "The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take ... to ensure that the court clerk receives and stamps their notices of appeal before the ... deadline." *Houston v. Lack*, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Mr. McFadden, having been abandoned by counsel who undertook to perform a necessary filing and then simply failed to do so, was in this same position and is entitled to relief.

This Court emphasizes that this opinion is limited to this specific factual scenario where counsel overtly acted and such actions prevented the movant's timely filing. The record shows Mr. McFadden timely prepared his motion for post-conviction relief and provided this motion to his counsel well before it was due to the court. Counsel, however, actively interfered with the timely filing and, despite her receipt of Mr. McFadden's motion for post-conviction relief on September 28, 2006, she did not file his motion until October 12, 2006, one day after the filing date. Such active interference, as demonstrated here, constitutes abandonment. In these unique circumstances, the motion court is authorized to reopen the otherwise final post-conviction proceeding. *Jaynes*, 63 S.W.3d at 217–18.

This Court reverses and remands.

STITH, C.J., PRICE, TEITELMAN, RUSSELL and WOLFF, JJ., and DANDURAND, Sp.J., concur. LIMBAUGH, J., not participating.