Anthony C. MOORE, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 90918.

Supreme Court of Missouri,
En Banc.

Dec. 7, 2010.

Gwenda R. Robinson, Public Defender's Office, St. Louis, for Moore.

Jamie P. Rasmussen, Attorney General's Office, Jefferson City, for the State.

MARY R. RUSSELL, Judge.

Anthony Moore was late in filing his Rule 29.15 motion. He contends that his appellate counsel for his direct appeal abandoned him by not timely telling him that the mandate from his appeal had been issued. The State argues that appellate counsel has no duty to provide timely notification. Pursuant to Rule 30.24(b), the clerk of the appellate court sent Moore notice of the mandate being entered, and he does not refute receiving that notice. The judgment of the motion court dismissing his untimely Rule 29.15 motion is affirmed.[1]

### I. Background

Moore was convicted of two counts of first-degree murder and was sentenced to two terms of life imprisonment without the possibility of parole. At the sentencing proceedings, the judge informed Moore of his right to seek post-conviction relief under Rule 29.15. The judge explained that there are three bases for filing a Rule 29.15 motion to set aside the sentences: (1) if they violate the constitution or laws of the United States or of Missouri; (2) if the court had no jurisdiction to impose the sentences; or (3) if the sentences exceeded the maximum allowed by law. Further, the judge told Moore that if he appealed, the Rule 29.15 motion would be due 90 days after the mandate from the court of appeals issued. Moore asked what form he should use to file the motion, and the judge instructed him to use Criminal Procedure Form 40, which could be obtained at the department of corrections. Moore indicated that he understood his right to file the motion.

After the court of appeals affirmed the conviction, it issued its mandate October 16, 2008. *See State v. Moore*, 264 S.W.3d 657 (Mo.App.2008). Moore filed his Rule 29.15 motion 218 days later. Along with the motion, he filed a letter and an affidavit from the attorney who represented him on direct appeal. The appellate attorney's affidavit stated that she told Moore in a letter mailed March 13, 2009, that the mandate had been issued in his direct appeal. The letter reminded him of the 90–day deadline to file a Rule 29.15 motion but acknowledged that the deadline, January 14, 2009, had passed two months ago. The appellate attorney recommended that if Moore wished to seek post-conviction relief, he should file a Rule 29.15 motion as soon as possible. Moore did not file his Rule 29.15 motion until May 22, 2009, more than two months later.

---

1. After opinion by the court of appeals, this Court granted transfer. Mo. CONST. art. V, sec. 10.

The court dismissed the Rule 29.15 motion for being untimely. This appeal follows.

## II. Standard of Review

■ Review of a Rule 29.15 judgment is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous if, after reviewing the entire record, there is a definite and firm impression that a mistake has been made. *McFadden v. State*, 256 S.W.3d 103, 106 (Mo. banc 2008).

## III. Analysis

Moore claims that the motion court erred in dismissing his Rule 29.15 motion because his appellate counsel for his direct appeal failed to timely inform him of the mandate's issuance, which excused his tardy filing. His claim relies on prior cases in which courts have held that, due to third-party interference, the untimely filing was excused. *See McFadden*, 256 S.W.3d 103; *Nicholson v. State*, 151 S.W.3d 369 (Mo. banc 2004); *Spells v. State*, 213 S.W.3d 700 (Mo.App.2007).

■ As Moore was instructed by the trial court, Rule 29.15(b) requires that the post-conviction motion be filed within 90 days after the date the court of appeals issues its mandate affirming the judgment or sentence. The original motion must give the court notice that movant seeks post-conviction relief. *Bullard v. State*, 853 S.W.2d 921, 922–23 (Mo. banc 1993). Legal assistance is not required for the original motion. *Id.* at 923. If the motion is filed by an indigent self-represented movant, the court will appoint counsel. Rule 29.15(e). The appointed counsel will have the opportunity to file an amended motion that alleges sufficient facts and all claims for relief. *Id.*

■ If the movant fails to file the motion within the 90–day time limit, there is a complete waiver of the right to seek Rule 29.15 relief and a complete waiver of all claims that could be raised in the post-conviction motion. Rule 29.15(b); *see also Gehrke v. State*, 280 S.W.3d 54, 59 (Mo. banc 2009) (noting that a claim that could have been raised in a Rule 29.15 motion but was not cannot be raised in a petition for habeas corpus). While the rule does not carve out exceptions that excuse late filings, court decisions have created two: (1) when post-conviction counsel abandons the movant; and (2) when rare circumstances outside the movant's control justify late receipt of the motion. *McFadden*, 256 S.W.3d at 108–09.

■ Under the first exception, abandonment traditionally excuses a late filing in two situations: (1) when post-conviction counsel fails to file an amended motion and the record shows the movant was deprived of meaningful review of the claims; or (2) when post-conviction counsel files an untimely amended motion. *Gehrke*, 280 S.W.3d at 57. A third type of abandonment occurs when post-conviction counsel's overt actions prevent the movant from filing the original motion timely. *See McFadden*, 256 S.W.3d at 109 (post-conviction counsel, despite promising to file movant's pro se motion, failed to do so timely).

■ There was no abandonment in this case. Abandonment has been found to occur when *post-conviction counsel* improperly acts or fails to act to the movant's detriment. *See Gehrke*, 280 S.W.3d at 57; *McFadden*, 256 S.W.3d at 109. Moore's complaint is directed toward his *appellate counsel*, who he says abandoned him by failing to timely inform him when the mandate was issued. However, appellate counsel has no duty to represent a movant in post-conviction relief filings. There is

nothing in the record that indicates appellate counsel agreed to inform Moore when the mandate was issued. Further, appellate counsel has no obligation to notify the defendant of his post-conviction rights under Rule 29.15 .or of the mandate's issuance.

The judicial branch is already obligated to inform the defendant of such information. Under Rule 29.07(b), the trial court must conduct a post-sentencing hearing in which it questions the defendant concerning the effectiveness of trial counsel. The court must also advise the defendant of the right to proceed under Rule 29.15. Here, the transcript indicates that the trial court informed Moore of his right to file a Rule 29.15 motion by using Criminal Procedure Form 40 within 90 days of the appellate court mandate's issuance. Moore indicated in open court that he understood those rights.

Under Rule 30.24(b), the clerk of the appellate court has the duty to inform the appellant of the mandate's issuance by sending a copy of the mandate for the appellant to the department of corrections. The appellate docket sheet reflects an entry that the mandate was sent October 16, 2008. It is presumed that the clerk of the appellate court sent a copy of the mandate to Moore, and he does not refute that he received it.

 The second judicially created exception to Rule 29.15 occurs, "in very rare circumstances ... [in which] our courts have found an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the mo-

tion by the proper court." *McFadden,* 256 S.W.3d at 108; *see Nicholson,* 151 S.W.3d at 371 (motion that was timely filed in the improper venue must be transferred to the proper venue as if it were filed there originally); *Spells,* 213 S.W.3d at 701–02 (a motion was timely where the movant sent it to the court's previous address and the post office received it before the deadline for filing a Rule 29.15 motion). There were no rare circumstances in this case that justify Moore's failure to prepare and send the original motion before the expiration of 90 days.

The motion court's dismissal of the original motion was not clearly erroneous.[2] The judgment is affirmed.

PRICE, C.J., WOLFF, BRECKENRIDGE and FISCHER, JJ., concur.

STITH, J., concurs in separate opinion filed.

TEITELMAN, J., concurs in the opinion of STITH, J.

LAURA DENVIR STITH, Judge, concurring.

I concur because Mr. Moore has failed to show that he is entitled to post-conviction relief on these facts. I write separately to note that where counsel affirmatively has told the client that counsel will take responsibility for a matter, then the client has the right to rely on that statement, as this Court recognized in *McFadden v. State,* 256 S.W.3d 103, 109 (Mo. banc 2008). As the principal opinion notes, *McFadden* found ineffective assis-

---

**2.** Moore also argues that the motion court erred in dismissing the motion because it had no "jurisdiction" over the untimely motion. Relying on *Webb ex rel. J.C.W. v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), Moore asserts that the time limits in Rule 29.15 amount to restrictions on "authority," not

"jurisdiction." This assertion is correct. However, there is no significance to the motion court's use of improper terminology in its judgment dismissing the motion. The motion court was correct in dismissing the untimely motion because, under Rule 29.15(b), the court had no "authority" to hear the case.

tance where post-conviction counsel did not timely file movant's pro se motion despite promising to do so. This was so even though, absent counsel's voluntary undertaking to do so, movant would have been obligated to file his post-conviction motion himself. *Id.* Having undertaken to file the motion for movant, counsel was obligated to complete that task.

Here, Mr. Moore similarly argues that counsel undertook to inform him when the mandate was issued by the appellate court but failed to do so. If the record supported this argument, then he would be entitled to relief. This is so even though, as the principal opinion notes, Missouri's rules do not impose a requirement on counsel to inform a client about the issuance of the mandate in the usual case. That is because, once counsel undertakes such an obligation, then a defendant had a right to rely on counsel to complete the undertaking. The failure to do so violates Missouri's ethical rules.

Rule 4–1.3, "Diligence," states: "A lawyer shall act with reasonable diligence and promptness in representing a client." Comment 4 to Rule 4–1.3 explains what this means when a lawyer-client relationship is coming to an end:

4. Unless the relationship is terminated as provided in Rule 4–1.16, *a lawyer should carry through to conclusion all matters undertaken for a client.* If a lawyer's employment is limited to a specific matter, the relationship terminates when the matter has been resolved. If a lawyer has served a client over a substantial period in a variety of matters, the client sometimes may assume that the lawyer will continue to serve on a continuing basis unless the lawyer gives notice of withdrawal. *Doubt about whether a client-lawyer relationship still exists should be clarified by the lawyer, preferably in writing, so that*

*the client will not mistakenly suppose the lawyer is looking after the client's affairs when the lawyer has ceased to do so. For example, if a lawyer has handled a judicial or administrative proceeding that produced a result adverse to the client, the lawyer should advise the client about the possibility of appeal before relinquishing responsibility for the matter. See Rule 4–1.4(b).* Whether the lawyer is obligated to prosecute the appeal for the client depends on the scope of the representation the lawyer has agreed to provide to the client. See Rule 4–1.2.

**Rule 4–1.3, Comment 4** (emphasis added).

Rule 4–1.2 allows a lawyer to define the scope of representation of a client. Rule 4–1.4 requires a lawyer to keep the client reasonably informed about the status of the matter, promptly comply with reasonable requests for information, and explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. Comment 1 then states:

1. Reasonable communication between the client and the lawyer is necessary for the client effectively to participate in the representation. Rule 4–1.4(a)(1) requires that the lawyer keep the client reasonably informed about the status of the matter, *such as significant developments affecting the timing or the substance of the representation.*

**Rule 4–1.4, Comment 1** (emphasis added).

Together, these rules mean that if an attorney has undertaken to inform his or her client about a deadline, then the attorney has an ethical obligation to fulfill that undertaking. Where, as here, failure to comply with that deadline about which counsel undertook to inform the client resulted in the client's forfeiture of his right

to seek post-conviction relief, that failure constitutes ineffective assistance.

Here, however, Mr. Moore failed to present evidence that counsel specifically undertook to inform him of when the mandate issued; rather, counsel merely apologized for not doing so. Moreover, so far as the record shows Mr. Moore was aware of the fact that the mandate had issued through the notice sent by the court clerk and was aware of the significance of this date through the information provided by the court at the time of sentencing.

The facts adduced by Mr. Moore are insufficient to show that his counsel undertook to inform him when the mandate issued and, therefore, are insufficient to support his claim that counsel was ineffective in failing in that duty. For this reason, I concur.