

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| KEVIN LUCIOUS, | ) | No. ED101006 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Hon. David C. Mason |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: |
| Respondent. | ) | November 18, 2014 |

Kevin Lucious appeals the judgment of the motion court dismissing his case. The motion court had found that Lucious was "abandoned" by his post-conviction counsel, but then later realized that a 2009 judgment finding no abandonment had become final years earlier and the court had no authority to act thereafter. We affirm.

Lucious was convicted after a jury trial on one count of first-degree murder, one count of first-degree assault and two counts of armed criminal action stemming from a 1995 gang shooting. He was sentenced to life without the possibility of parole and three concurrent life sentences. The judgment entered on his convictions and sentence was affirmed in State v. Lucious, 967 S.W.2d 119, 120 (Mo. App. E.D. 1998).[1] Lucious's Rule 29.15 motion was due on September 21, 1998. See Rule 29.15(b) (1998). Privately-retained post-conviction counsel sought an extension of that deadline, which the motion court granted. On October 9, 1998, Lucious's pro se motion was filed, and an amended motion was filed within a week thereafter.

---

[1] The record from the direct appeal has been transferred to this case.

Both motions set forth virtually the same claims of ineffective assistance of trial counsel, but the amended motion added an additional witness whom trial counsel had allegedly failed to investigate. Later, the motion court realized that it had no authority to extend the deadline for filing the original motion and, on the State's motion, dismissed the case. See Clark v. State, 261S.W.3d 565, 571 (Mo. App. E.D. 2008); Moore v. State, 328 S.W.3d 700, 702-05 (Mo. banc 2010) (failure to file timely original motion is complete waiver of right to seek relief).

In 2009, Lucious filed a motion to have his Rule 29.15 proceedings reopened[2] on the ground that he had been "abandoned" by his post-conviction counsel. Therein, he alleged that counsel told Lucious to mail his Form 40 to counsel, who would take care of filing it with the court. Lucious asserted that counsel acknowledged receiving the form in the mail a week before the filing deadline, but that counsel instead asked for additional time and did not file anything until after the original deadline. Lucious also claimed that the Form 40 motion counsel ultimately filed was different than the one he had sent to counsel and did not include all of the claims Lucious had set forth.

On November 16, 2009, the motion court entered judgment denying that motion, finding that Lucious's claims regarding counsel's conduct were not cognizable abandonment claims. But the court also stated that it had reviewed *ex gratia* the claims of ineffective assistance of trial counsel set forth in the amended Rule 29.15 motion and determined that Lucious would not have been entitled to an evidentiary hearing even if his motions had been timely filed. The motion court set forth each of Lucious's claims and addressed the factual and legal reasons why the record failed to support those claims.

---

[2] The nomenclature "motion to reopen" has been denounced repeatedly in recent years by the Supreme Court and should not be used. Instead, movants in Lucious's position should seek leave to file their untimely initial post-conviction motions out of time. Price v. State, 422 S.W.3d 292, 312 n.1 (Mo. banc 2014).

The docket sheets indicate that on December 8, 2009, Lucious filed a "motion to vacate the order and judgment entered November 16, 2009 and to grant a hearing on movant's motion to reopen this Rule 29.15 action filed." Lucious states in his brief that this motion could not be found in the court's files but will be filed as part of a supplemental legal file. To date, there is no copy of this motion in the legal file, and nothing in the record demonstrates what grounds for relief were stated therein.[3] On January 27, 2010, there is a docket entry titled "Request for Hearing," the text of which reads "hearing on movant's motion to reopen is hereby set for [date and time]. So ordered." There is no document in the legal file associated with this docket entry. The court did in fact hold a hearing, at which post-conviction counsel apparently admitted that the contentions regarding his untimely filing of the original Rule 29.15 motion were true. Thereafter, the motion court entered an order, this time finding that Lucious was "abandoned" by counsel, granting the "motion to reopen" and giving Lucious leave to file another amended petition for post-conviction relief. Over two years later, the case was set for an evidentiary hearing on that amended motion.

At some point before the evidentiary hearing was held, the State sought to dismiss the entire case, although again there is no such motion anywhere in the legal file or even noted on the motion court's docket sheets. Nevertheless, the parties agree that the State sought to dismiss the case on the ground that the court's failure to rule on Lucious's motion to vacate the November 16, 2009 judgment rendered that judgment final by operation of law, which was not appealed. Therefore, the State claimed, the court had no authority to do anything thereafter. Lucious argued that his motion to vacate was ruled on and the judgment vacated by implication

---

[3] In his brief, Lucious claims this motion was filed pursuant to Rule 78.01, which provides for new trials in actions tried without a jury, and Rule 78.04, which sets the time limits for filing motions for new trial and to amend a judgment or opinion. Elsewhere in the brief, he claims this was a motion to reconsider and put the issue of abandonment before the court for re-examination after a hearing under Rule 78.05, which governs after-trial motions based on facts not appearing in the record.

when the court set a hearing in the January 27, 2010 docket entry. In December of 2013, the motion court concluded that it had not ruled on the motion to vacate—which therefore was deemed overruled ninety days after it was filed—and therefore the court had no authority to act after March 9, 2010. It dismissed the case, and Lucious appeals. We affirm for the following reasons.

Under Rule 81.05, a judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed. Rule 81.05(a)(1). If an authorized after-trial motion is filed and not ruled upon, it is deemed overruled and the judgment becomes final ninety days from the date the motion was filed. Rule 81.05(a)(2)(A). Thus, Lucious's motion to vacate would have an effect on the finality of the November 16, 2009 judgment for purposes of Rule 81.05 only if it was an authorized after-trial motion. A "motion to vacate" is not an authorized after-trial motion, but can be considered so for this purpose if "it places before the trial court allegations of trial court error regarding contested legal or factual issues." Estate of Downs v. Bugg, 348 S.W.3d 848, 858 (Mo. App. W.D. 2011). Without the motion before us, however, we are left to speculate whether it asserted any such errors or other grounds for relief that would have properly extended the time before which the November 16, 2009 judgment became final. If there was no authorized after trial motion, then that judgment became final thirty days later on December 16, 2009.

Even if we assumed that Lucious's motion to vacate could be considered an authorized after-trial motion, the motion court did not rule on that motion within ninety days under Rule 81.05. The only action taken by the court within that ninety-day period—which ended on March 9, 2010—was a docket entry setting a hearing on the "motion to reopen." This type of docket entry does not extend the time for ruling on an after-trial motion. "A ruling must make some sort

4

of determination in the case." In re Kreutzer, 50 S.W.3d 334, 336 (Mo. App. S.D. 2001). When the docket entry resolves nothing and does not foreclose the possibility of a later ruling, then it cannot be deemed a ruling for purposes of Rule 81.05. Id. (docket entry "no action taken" not a ruling). Here, the docket entry merely set a hearing date. It did not dispose of any issues in the case or determine anything about Lucious's motion to vacate or the November 16, 2009 judgment. At most, the setting of a hearing may indicate that the trial court might reconsider its November 16, 2009 judgment. But that still cannot be considered a ruling, even by implication, because it did not dispose of the issue. See Basham v. Williams, 239 S.W.3d 717, 721-22 (Mo. App. S.D. 2007) (docket entry stating cause taken up, heard, taken under advisement and amended judgment was forthcoming did not extend time for court to rule on after-trial motion, nor was a denial of after-trial motion).

Nor could we consider this docket entry an action by the trial court under Rule 75.01, which gives the trial court thirty days during which time it retains control over its judgments to take certain actions *sua sponte* if no authorized after-trial motion was filed. The docket entry merely set a hearing date; it did not vacate, reopen, correct, amend or modify its judgment or constitute an order for a new trial, which must specify the grounds therefor under the rule. See Rule 75.01. Perhaps the ultimate decision in which the court changed its mind and found "abandonment" could be construed as a correction of the November 16, 2009 judgment finding to the contrary, but that occurred outside the thirty-day window.

For these reasons, the November 16, 2009 judgment denying Lucious's claims of abandonment became final either on December 16, 2009—thirty days after its entry—or on March 9, 2010—ninety days after the motion to vacate was filed but not ruled upon. The motion

5

court properly dismissed the case after realizing its error in proceeding with this case after that point.

Lucious complains it is fundamentally unfair that—through no fault of his own—he had no opportunity to appeal the November 16, 2009 judgment since his counsel, the State and the court proceeded with the case for years as if that judgment had been vacated. By the time the court determined otherwise in December of 2013, it was too late to appeal; thus, Lucious claims, he has been denied an adequate opportunity to have his underlying claims heard. We disagree. Lucious has been given all the opportunities to which he is entitled for having his post-conviction claims for relief heard and has suffered no unfair prejudice by the motion court's erroneous proceedings.

First, it appears Lucious had adequately alleged in his "motion to reopen" that privately-retained post-conviction counsel actively interfered with Lucious's ability to timely file his original Rule 29.15 motion. "[W]here an inmate prepares his initial motion and does all that he reasonably can to ensure that it is filed on time, tardiness resulting solely from the active interference of a third party beyond the inmate's control may be excused and the waiver imposed by Rule 29.15(b) not enforced." Price, 422 S.W.3d at 307. This does not constitute abandonment because that doctrine only applies to the actions of appointed counsel with respect to amended motions. Id. (holding that prior Supreme Court cases recognizing active interference as basis for excusing untimeliness did not expand abandonment doctrine). But it could have entitled him to have the motion court consider the original pro se motion as having been timely filed and proceed to reviewing the merits of, what would then be deemed a timely, amended motion. See McFadden v. State, 256 S.W.3d 103, 109 (Mo. banc 2008).[4] There would be no

---

[4] There are limited circumstances in which a court may allow an abandoned movant to file an amended motion, but this was not a case of abandonment and, even if it was, those circumstances are not present here. See Morgan v.

6

need to remand for that remedy in this case, however, because the motion court has already reviewed the merits of Lucious's claims *ex gratia* and found no relief was warranted. See Morgan, 296 S.W.3d at 5. We have conducted our own *ex gratia* review and find no clear error in the motion court's conclusion that the record did not support Lucious's claims of ineffective assistance of trial counsel and would not have warranted an evidentiary hearing even if the motion had been timely filed.

Point denied.

The judgment is affirmed.

ROBERT G. DOWD, JR., Judge

Kurt S. Odenwald, P.J. and
Gary M. Gaertner, Jr., J., concur.

---

State, 296 S.W.3d 1, 5 (Mo. App. E.D. 2009) (where appointed counsel filed no motion nor took any action on behalf of movant).