

# In the Missouri Court of Appeals
## Eastern District

DIVISION FOUR

| | | |
|---|---|---|
| BRUCE WATSON, | ) | No. ED102746 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Margaret M. Neill |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent/Respondent. | ) | Filed:  February 23, 2016 |

## Introduction

Bruce Watson (Appellant) appeals from the motion court's judgment denying his Rule 29.15[1] motion for post-conviction relief without an evidentiary hearing.  We vacate the motion court's judgment and dismiss the appeal.

## Factual and Procedural Background

On the morning of July 11, 2009, Appellant entered a Check 'n Go store where Yulena Shull (Shull) was working.  Appellant placed a plastic grocery bag on the counter and told Shull to fill up the bag.  Appellant also walked around the counter and flashed what appeared to be a gun at Shull.  Shull put the money from her cash drawer into the bag.  Appellant directed Shull to open the safe.  The safe featured a ten-minute countdown delay and would not open for ten minutes after Shull entered the security code.  This made Appellant angry and he exited the store

---

[1] All rule references are to Mo. R. Crim. P. 2014, unless otherwise noted.

into a waiting cab. Shull wrote down the number of the cab and gave it to police. Shull later identified Appellant as the robber from a mugshot picture and in a physical lineup.

The State charged Appellant with first-degree robbery and armed criminal action. On October 18-19, 2011, a jury trial was conducted. The jury found Appellant guilty of first-degree robbery and not guilty of armed criminal action. The trial court entered judgment on Appellant's conviction and on March 9, 2012, sentenced him to 15 years in the Missouri Department of Corrections. On March 19, 2012, Appellant filed his Notice of Appeal to this Court. This Court affirmed Appellant's conviction and sentence on April 23, 2013, State v. Watson, 397 S.W.3d 539 (Mo.App. E.D. 2013), and issued its mandate on May 15, 2013.

On October 2, 2014, Appellant filed his *pro se* Rule 29.15 motion for post-conviction relief. On October 14, 2014, the motion court notified the Missouri State Public Defender System that Appellant had filed his *pro se* motion. Appointed counsel filed his entry of appearance on October 23, 2014. On November 6, 2014, the motion court granted an additional 30 days to file an amended motion. Appointed counsel subsequently filed an amended motion on January 12, 2015. On February 5, 2015, the motion court issued its findings of fact, conclusions of law and judgment denying Appellant's motion without an evidentiary hearing. This appeal follows.

## Point on Appeal

Appellant claims the motion court clearly erred in denying his Rule 29.15 post-conviction motion without an evidentiary hearing because he alleged facts not refuted by the record, which, if true, warranted relief in that he alleged his trial counsel was ineffective for failing to submit a lesser-included offense instruction for second-degree robbery or stealing in relationship to the first-degree robbery charge.

2

## Standard of Review

Our review of the denial of a Rule 29.15 motion is limited to whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); Burston v. State, 343 S.W.3d 691, 693 (Mo.App. E.D. 2011). The findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. Burston, 343 S.W.3d at 693. The motion court's ruling is presumed correct. Strong v. State, 263 S.W.3d 636, 642 (Mo.banc 2008).

## Timeliness of Motion

Before reaching the merits of an appeal, we examine the timeliness of the Rule 29.15 post-conviction motion. Rule 29.15(b) provides that if an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence. Here, Appellant appealed the judgment against him, which was affirmed and the mandate issued on May 15, 2013. However, Appellant did not file his Rule 29.15 post-conviction motion until October 2, 2014. This filing was clearly beyond the 90-day time limit of Rule 29.15(b). Appellant filed his motion more than a year late.

The motion court stated it would allow the late filing because at his sentencing, the court had only informed Appellant he had 180 days from the date he was delivered to the department of corrections to file his Rule 29.15 post-conviction motion. This deadline, although correct, only applies when no appeal is taken. Rule 29.15(b). Therefore, the motion court found Appellant had been uninformed by the trial court regarding the time limit applicable to filing the motion after an appeal of the judgment is taken and thereby misled as to the applicable time

3

limits. Also, Appellant was ultimately never delivered to the department of corrections, due to other pending charges and issues with regard to his mental competence.

The State contends the motion court did not have the authority to accept Appellant's late filing, as the time limits set by rule are absolute, and should have dismissed the motion.

If the movant fails to file the motion within the 90-day time limit, there is a complete waiver of the right to seek Rule 29.15 relief and of all claims that could be raised in the post-conviction motion. Rule 29.15(b); Moore v. State, 328 S.W.3d 700, 702 (Mo.banc 2010). While the rule does not carve out exceptions that excuse late filings, court decisions have created two: (1) when post-conviction counsel abandons the movant; and (2) when rare circumstances outside the movant's control justify late receipt of the motion. Moore, 328 S.W.3d at 702.

Under the first exception, abandonment traditionally excuses a late filing in two situations: (1) when post-conviction counsel fails to file an amended motion and the record shows the movant was deprived of meaningful review of the claims; or (2) when post-conviction counsel files an untimely amended motion. Moore, 328 S.W.3d at 702; Gehrke v. State, 280 S.W.3d 54, 57 (Mo.banc 2009).

Appellant does not allege abandonment in this case, but asserts his late filing should be excused due to the inaccurate advice of the trial court, which he characterizes as third-party interference.

Third-party interference occurs "'in very rare circumstances ... [in which] our courts have found an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion by the proper court.'" Moore, 328 S.W.3d at 703; see also Nicholson v. State, 151 S.W.3d 369, 371 (Mo.banc 2004)(motion that was timely filed in the improper venue must be transferred to the proper venue as if it were filed there originally); Spells v. State,

4

213 S.W.3d 700, 701-02 (Mo.App. W.D. 2007)(motion was timely where movant sent it to court's previous address and post office received it before deadline for filing Rule 29.15 motion).

> The exemption employed in Nicholson and Spells arises out of the practical reality that an inmate cannot comply with Rule 29.15 without relying on a third party to some extent. As noted above, the initial motion under Rule 29.15(b) requires no legal expertise or assistance and is designed to be an informal filing that can be completed by an inmate acting alone. But Rule 29.15(b) requires that the inmate "shall file" this motion in the sentencing court and an inmate, by definition, cannot comply with such a requirement on his own. Instead, inmates - unlike nearly every other category of civil litigants - cannot initiate post-conviction proceedings without relying on the assistance of one or more third parties to take the motion from the inmate and deliver it to the circuit clerk for filing. Accordingly, where an inmate writes his initial post-conviction motion and takes every step he reasonably can within the limitations of his confinement to see that the motion is filed on time, a motion court may excuse the inmate's tardiness when the active interference of a third party beyond the inmate's control frustrates those efforts and renders the inmate's motion untimely.

Price v. State, 422 S.W.3d 292, 302 (Mo.banc 2014); see also Gunn v. State, 2015 WL8776885 *2 (Mo.App. W.D. December 15, 2015).

There was no active interference by a third party that frustrated Appellant's initial efforts to comply with Rule 29.15's time limits. He made no initial efforts to comply with Rule 29.15's time limits. There is no case law supporting Appellant's position that the sentencing court's informing him partially of the applicable time limits for filing a Rule 29.15 post-conviction motion constitutes active interference by a third party. There were no rare circumstances in this case that justified Appellant's failure to prepare and send his original Rule 29.15 post-conviction motion for more than a year after the expiration of 90 days.

As in Price, the "'active interference' exception does not apply in [Appellant's] circumstances. He did not do all that he could do to effect a timely filing of his Rule 29.15 motion. Like the inmate in Bullard [v. State, 853 S.W.2d 921, 922-23 (Mo.banc 1993)] (but unlike the inmates in Nicholson and Spells), [Appellant] … took no steps to meet (or even

5

calculate) the applicable filing deadline for his motion." Price, 422 S.W.3d at 302; see also Gunn, 2015 WL8776885 at *3. In Bullard, the inmate never took steps to draft or file his initial motion or find out the deadline, but blamed it on his attorneys. In Nicholson, the inmate drafted and filed his motion timely but mailed it to the wrong circuit court. In Spells, the inmate drafted and filed his motion timely but sent it to the court's previous address.

Appellant failed to present evidence he did everything he reasonably could have done to timely file his motion by calculating its due date and drafting it. Price, 422 S.W.3d at 302. He also failed to establish the sentencing court did anything to prevent him from calculating the due date of his motion and filing it on time. See Gunn, 2015 WL8776885 at *3. "As legal assistance is not required in order to file the original motion, the absence of proper legal assistance does not justify an untimely filing." Bullard, 853 S.W.2d at 922-23; Price, 422 S.W.3d at 299, 300.

Appellant is not free of responsibility for failure to timely file his original motion. This showing is a requirement in establishing active interference by a third party. "Specifically, when an inmate prepares the motion and does all he reasonably can do to ensure that it is timely filed under Rule 29.15(b), any tardiness that results solely from the active interference of a third party beyond the inmate's control may be excused and the waivers imposed by Rule 29.15(b) not enforced." Price, 422 S.W.3d at 301.

Appellant's lack of any attempt to prepare his initial motion and file it in a timely manner is compounded by his revelation that he *still* delayed filing for at least two months after he was informed by a fellow inmate who reviewed his initial motion that it was late, and he should have filed it sooner. The inmate reviewed Appellant's motion sometime between March 9, 2013, and August 4, 2014. Appellant still did not file his motion until October 2, 2014. Relief is appropriate only when a movant does all he can do to effect a timely filing of his Rule 29.15

motion and is free of responsibility for the failure to comply with the requirements of the rule. Accordingly, Appellant cannot benefit from the exception to Rule 29.15(b) recognized in Nicholson and Spells for circumstances in which a reasonable, good faith effort by the inmate to write and timely file an initial motion under Rule 29.15(b) is frustrated by the active interference of a third party on whom the inmate had to rely but could not control.  Price, 422 S.W.3d at 303.

For the aforementioned reasons, Appellant's appeal is dismissed because his initial post-conviction motion was untimely filed under Rule 29.15(b) and the untimeliness was not excused by any active interference of a third party.

### Conclusion

The motion court's judgment is vacated and the appeal is dismissed.


_____
Sherri B. Sullivan, J.

Lisa S. Van Amburg, C.J., and
Kurt S. Odenwald, J., concur.

7