

# Missouri Court of Appeals

## Southern District

### In Division

CHESTER WILLIAM FEWINS,                    )
                                           )
        Appellant,                         )        No. SD38256
                                           )
v.                                         )        **Filed:  October 4, 2024**
                                           )
STATE OF MISSOURI,                         )
                                           )
        Respondent.                        )

APPEAL FROM THE CIRCUIT COURT OF DALLAS COUNTY

Honorable Calvin R. Holden, Judge

**<u>AFFIRMED</u>**

In one point relied on, Chester William Fewins challenges the motion court's denial of his amended Rule 29.15 motion after an evidentiary hearing.[1]  Finding no merit to Fewins' point, we affirm the motion court's judgment.

**Facts and Procedural History**

In the criminal case underlying this matter, Fewins was charged with numerous crimes arising out of sexual assaults of a minor.  Fewins waived his right to a jury trial, and a bench trial commenced.  The trial court found Fewins guilty as charged and entered its judgment.[2]

---

[1] All rule references are to Missouri Court Rules (2022).

[2] During Fewins' motion for acquittal, Fewins argued one of the counts should be dismissed due to lack of evidence.  The State agreed, and the trial court accordingly dismissed that charge.

Fewins timely filed his direct appeal, and this Court remanded the case to the trial court to enter a corrected written judgment that conformed to the trial court's oral pronouncement of Fewins' sentences. *State v. Fewins*, 638 S.W.3d 36 (Mo. App. S.D. 2021). Fewins timely filed his *pro se* motion for post-conviction relief. The motion court appointed the Public Defender's Office to represent Fewins, and post-conviction counsel timely filed an amended motion alleging, in relevant part, trial counsel was ineffective for failing to obtain an expert witness to testify that Fewins was hallucinating "due to the effects of serotonin syndrome and/or the use of Cymbalta."[3]

The motion court held an evidentiary hearing. Two attorneys who served as defense counsel for Fewins, as well as Fewins himself, testified. The credited evidence reflected defense counsels had sought an expert witness, but no credited evidence was adduced to show they found an expert witness who was willing to testify, or what such testimony would have been. The motion court issued its findings of fact and conclusions of law denying Fewins' amended motion. This appeal followed.

In one point relied on, Fewins argues the motion court clearly erred in denying his amended Rule 29.15 motion after a hearing in that trial counsel failed to "continue to seek an expert" to establish Fewins "was hallucinating when his wife walked in on him lifting his [Victim's] dress."

**Standard of Review**

"Review of a Rule 29.15 judgment is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010); Rule 29.15(k). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, there is a definite and firm

---

[3] We have independently verified the timeliness of Fewins' motion for post-conviction relief. *See Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015); *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012).

impression that a mistake has been made." ***Moore***, 328 S.W.3d at 702. "This Court

defers to 'the motion court's superior opportunity to judge the credibility of witnesses.'"

***Shockley v. State***, 579 S.W.3d 881, 892 (Mo. banc 2019) (quoting ***Barton v. State***,

432 S.W.3d 741, 760 (Mo. banc 2014)). "We view the record in the light most favorable

to the motion court's judgment, accepting as true all evidence and inferences that

support the judgment and disregarding evidence and inferences that are contrary to the

judgment." ***Oliphant v. State***, 525 S.W.3d 572, 577 (Mo. App. S.D. 2017) (quoting

***Winans v. State***, 456 S.W.3d 912, 916 (Mo. App. S.D. 2015)).

## Analysis

Fewins argues the motion court clearly erred in denying his amended Rule 29.15

motion in that trial counsel failed to "continue to seek an expert" to establish Fewins

"was hallucinating when his wife walked in on him lifting his [Victim's] dress."

Generally, for a claim of ineffective assistance of counsel, a defendant must show

(1) that his attorney failed to exercise the customary skill and diligence that a reasonably

competent attorney would perform under similar circumstances, and (2) that he was

thereby prejudiced. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984).

To prevail on a claim of ineffective assistance of counsel for failure to call a

witness, a movant must show: "(1) counsel knew or should have known of the existence

of a witness; (2) the witness could be located through reasonable investigation; (3) the

witness would testify; and (4) the witness's testimony would have produced a viable

defense." ***DeLeon v. State***, 690 S.W.3d 535, 541 (Mo. App. E.D. 2024) (quoting

***McFadden v. State***, 553 S.W.3d 289, 305 (Mo. banc 2018)). As the motion court

appropriately found in its judgment:

> While trial counsel[ ]did seek an expert witness to support the theory that
> [Fewins] suffered from serotonin syndrome, he was never able to identify
> an actual witness or expert to support his claims. Identification and
> availability of an expert witness to testify is a prerequisite to [Fewins']
> claim that trial counsel was ineffective for failing to produce such a

3

witness. . . . While it is clear that trial counsel sought an expert witness to testify on behalf of [Fewins], there has been no showing that trial counsel identified an expert that would give favorable testimony, nor what that testimony would have been. There is no offer of proof at any stage during [Fewins'] trial regarding what testimony would have been offered. Without such proof, [Fewins'] claim fails.

These findings are supported by the record and the law. *See* **DeLeon**, 690 S.W.3d at 541-42.

Fewins fails to demonstrate the motion court clearly erred in denying his amended Rule 29.15 claim after a hearing, and his point is accordingly denied.

## Conclusion

The judgment of the motion court is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

MATTHEW P. HAMNER J. – CONCURS