L.C. STACKER, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. SD 31109.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 26, 2012.

---

4. All motions filed in this case are also denied.

Margaret M. Johnston, Columbia, for Movant/Appellant.

Chris Koster, Attorney General and Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for Respondent/Respondent.

**WILLIAM W. FRANCIS, JR.,** Presiding Judge.

L.C. Stacker ("Stacker") appeals the motion court's denial of his Rule 24.035 [1] motion for post-conviction relief following an evidentiary hearing alleging the motion court clearly erred in denying Stacker's claim of ineffective assistance of plea counsel. We affirm the judgment of the motion court.

## Facts and Procedural Background

On April 9, 2008, Stacker was charged by felony information with the class A felony of robbery in the first degree, in violation of section 569.020; the unclassified felony of armed criminal action, in violation of section 571.015; and the class A felony of assault in the first degree, in violation of section 565.050. On May 22, 2008, Stacker was also charged by felony information with the class C felony of possession of a controlled substance (cocaine base), in violation of section 195.202; and on May 28, 2008, he was charged by felony information with the class C felony of stealing, in violation of section 570.030, RSMo Cum.Supp.2005.

On July 29, 2008, Stacker pled guilty to each of these crimes charged.[2] There was no plea agreement. In the course of the plea hearing, Stacker stated under oath that: (1) he graduated high school and reads, writes and understands the English language; (2) he was not under the influence of any medication, alcohol or drugs and was in good physical and mental health at the time of the hearing; (3) he understood the charges and the fact he

---

1. Unless otherwise specified, all rule references are to Missouri Court Rules (2011), and all references to statutes are to RSMo 2000.

2. Stacker entered his guilty pleas before Circuit Judge Calvin R. Holden.

was pleading guilty without a plea agreement; (4) he had "sufficient time" to talk to his attorney about the case, he had told his attorney "all" he knew about the case and was "completely satisfied" with his attorney; (5) he understood he had the right to file "motions . . . such as motions to suppress evidence or statements" but that he would waive that and other rights by entering a plea of guilty, and that he desired to waive those rights and plead guilty; and (6) he was not "promised . . . anything" or "threatened" for him to plead guilty but was pleading guilty because he "did as [the prosecutor] stated[.]" The prosecutor indicated in her explanation of the factual basis for Stacker's guilty pleas that Stacker admitted the robbery, assault and use of a knife in the robbery, and assault in a post-*Miranda*[3] interview on March 10, 2008.

On November 7, 2008, the court sentenced Stacker to imprisonment in the Missouri Department of Corrections for thirty years for robbery in the first degree, twenty years for armed criminal action, fifteen years for assault in the first degree, and seven years each for possession of cocaine base and stealing. The sentences were imposed to run concurrently. Following imposition of sentence, Stacker asserted that he had not had a sufficient opportunity to discuss his cases with his attorney and was "[n]ot really" "satisfied with [his] attorney's services," but that his attorney "answer[ed] all of [his] questions," did "all those things [he] asked her to do," and did not do "anything [he] asked her not to do."

Stacker did not appeal his convictions and sentences.

On December 23, 2008, Stacker filed a *pro se* Rule 24.035 motion for post-conviction relief and was appointed defense coun-

sel. Defense counsel subsequently filed an amended motion claiming plea counsel was ineffective for multiple reasons, including plea counsel's failure to file a motion to suppress evidence based on Stacker's contention that he was arrested without a valid warrant. Stacker did not identify in the amended motion any specific evidence that was obtained as a result of his arrest, but rather simply asserted "upon arrest for those matters he was questioned by the officer regarding the robbery charge. [Stacker] claims that if the arrest was not valid, that the further questioning would have not taken place. . . ."

On April 20, 2010, the motion court conducted an evidentiary hearing on the amended motion. Stacker was the only witness. On direct examination, Stacker testified about the circumstances leading up to his arrest. He stated he was arrested and booked for "small possession" and then released. He testified that the booking officer "said that a court of [sic] summons would be sent through the mail for me to appear for court." Stacker further stated:

> A few weeks later I caught these charges and the police came to my house saying that they had a bench warrant for my arrest for failure to appear on the possession charge. And when I came down to the booking I asked the officer has a bench warrant been issued for my arrest, and he said it didn't show in the computer.

Stacker testified that the police told his wife they had an arrest warrant, but that after she asked to see it they never presented it to her. He further testified that the police searched the home while looking for him. Stacker, however, stated the police did not find any evidence "because it wasn't there." Stacker also testified that

**3.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

he was not questioned while he was in custody.

Stacker testified that he talked to his attorney about a motion to suppress, but "[b]asically [counsel] didn't say anything." He also said that when he told his attorney the circumstances of his arrest, counsel said that "it really didn't matter because they had me anyway."

On redirect examination, Stacker testified that he had not heard the words "motion to suppress" before his guilty plea, and "when [he] agreed to that" during his guilty plea he "really [did not] understand what [he was] agreeing to" because he "didn't know what it was."

On May 24, 2010, the motion court entered its order denying Stacker's amended motion. After setting out in detail the plea court's questions to Stacker and his responses to those questions, the motion court specifically found:

> There is no reason to believe that [Stacker] did not understand the plain language of the Court. [Stacker] was informed of his charges, that he was pleading guilty without a plea agreement, [and] the range of punishment of each case and each count. [Stacker] informed the Court that there were no promises or threats made to him. [Stacker] then chose to plead guilty to his charges. The Court finds that [Stacker's] pleas were voluntarily made.
>
> The Court further finds that [Stacker] failed to support his claim for ineffective assistance of counsel at his hearing.... The Court finds that there was no evidence presented that [Stacker] would have insisted on a trial, and therefore [Stacker] failed to establish ineffective assistance of counsel.

The motion court additionally held that Stacker was informed of his right to file motions, including motions to suppress, and he chose to waive that right. The plea court also found Stacker's claim meritless and refuted by the record.

This appeal followed. In his single point relied on, Stacker claims his attorney was ineffective for failing to file a motion to suppress "incriminating statements" Stacker made following his arrest on an invalid arrest warrant and that this failure prejudiced Stacker because otherwise he would have proceeded to trial. The primary issue pertinent to our resolution of this appeal is whether the motion court clearly erred in finding Stacker failed to show prejudice resulting from any alleged ineffectiveness of his counsel.

## Standard of Review

■ Our review of a denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Conley v. State*, 301 S.W.3d 84, 87 (Mo.App. S.D.2010). The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression a mistake has been made. The movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Conley*, 301 S.W.3d at 87; Rule 24.035(i). Determinations concerning credibility are exclusively for the motion court. The motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed, and we defer to the credibility determinations of the motion court. *Mendez v. State*, 180 S.W.3d 75, 80 (Mo.App. S.D.2005); *Conley*, 301 S.W.3d at 90.

## Analysis

Pleading guilty " 'waive[s] any claim that counsel was ineffective except to the ex-

tent that the conduct affected the voluntariness and knowledge with which the plea was made.'" *Welch v. State,* 326 S.W.3d 916, 918 (Mo.App. W.D.2010) (quoting *Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005)). "Movant bears the burden of proving his post-conviction claims, including a claim of ineffective assistance of counsel, by a preponderance of the evidence." *Chaney v. State,* 223 S.W.3d 200, 206 (Mo.App. S.D.2007).

■ To prevail on a claim of ineffective assistance of counsel, a movant must show counsel's representation fell below an objective standard of reasonableness and that, as a result, movant was prejudiced.[4] *Chaney,* 223 S.W.3d at 206. In a case where a movant has entered a guilty plea, "prejudice" requires that the movant show a reasonable probability he would not have pleaded guilty and would have insisted on going to trial, but for plea counsel's alleged constitutionally unreasonable conduct. *Beach v. State,* 220 S.W.3d 360 (Mo.App. S.D.2007). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000) (quoting *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2068 80 L.Ed.2d 674 (1984)). "'If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and Movant's claim of ineffective assistance of counsel must fail.'" *Chaney,* 223 S.W.3d at 206 (quoting *Patrick v. State,* 160 S.W.3d 452, 455 (Mo.App. S.D.2005)).

■ Stacker's responses to the plea court's questions support the motion court's finding that his guilty pleas were knowing and voluntary. Stacker's responses show he entered his pleas with an understanding of the charges he was pleading guilty to; the fact he was pleading guilty without a plea agreement; the fact he was waiving important rights by pleading guilty, including specifically the right to file "motions to suppress evidence or statements"; and show he was "completely satisfied" with his attorney. The only evidence supporting Stacker's claim that his guilty pleas were unknowing was Stacker's testimony at the hearing on his amended motion that he "didn't know what [a 'motion to suppress'] was." The motion court was free to disbelieve this testimony. *Mendez,* 180 S.W.3d at 80.

■ Additionally, as the trial court correctly found, "there was no evidence presented that [Stacker] would have insisted on a trial." Simply put, Stacker did not allege in his amended motion, and did not present any evidence at the hearing, that he would have insisted on going to trial but for plea counsel's failure to file a motion to suppress. Furthermore, Stacker's brief does not direct us to any such evidence. While Stacker offered evidence about the circumstances surrounding his arrest—which would have been relevant to whether he was illegally arrested—Stacker never testified that if counsel had filed a motion to suppress, he would not have pleaded guilty and would have insisted on going to trial. It was Stacker's burden to prove his claim for relief by a preponderance of the evidence. Rule 24.035(i); *Archer v. State,* 931 S.W.2d 473, 476–77 (Mo.App. S.D.1996). Accordingly, Stacker failed to show plea counsel's alleged ineffectiveness prejudiced him.

Because the prejudice prong of the test was not met, we need not consider the performance prong. *See Chaney,* 223 S.W.3d at 206. The motion court did not

---

4. An objective standard of reasonableness requires counsel to exercise the customary skill and diligence of a reasonably competent at-

torney in similar circumstances. *See Childress v. State,* 248 S.W.3d 653, 654 (Mo.App. S.D.2008).

clearly err in finding Stacker failed to show prejudice resulting from any alleged ineffectiveness of his counsel. Stacker's point is denied, and the motion court's judgment is affirmed.

BARNEY and SCOTT, JJ., Concur.