Todd WILEY, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 96782.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 20, 2012.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 7, 2012.

Application for Transfer
Denied July 3, 2012.

Jessica M. Hathaway, Saint Louis, MO,
For Appellant.

Chris Koster, Attorney General, Karen
L. Kramer, Assistant Attorney General,
Jefferson City, MO, For Respondent.

## OPINION

GLENN A. NORTON, Judge.

Todd Wiley appeals the judgment dismissing his Rule 24.035[1] motion for post-conviction relief as untimely filed. We reverse and remand.

### I. BACKGROUND

On November 20, 2009, Wiley pled guilty to second-degree murder (Count I),

---

1. All references to Rules are to Missouri Su-    preme Court Rules (2011).

attempted robbery in the second degree (Count II), second-degree arson (Count III), and tampering with physical evidence (Count IV). He was sentenced to a term of life imprisonment with parole on Count I, seven years of imprisonment on Count II, seven years of imprisonment on Count III, and four years of imprisonment on Count IV. All sentences were to run concurrently with each other but consecutive to a sentence Wiley received in an unrelated case.

Wiley was delivered to the custody of the Missouri Department of Corrections on November 23, 2009. Thus, Missouri Supreme Court Rule 24.035(b) required Wiley to file his motion for post-conviction relief by May 24, 2010.[2] Wiley filed his pro se 24.035 motion for post-conviction relief on July 8, 2010. Wiley was appointed counsel, and his counsel filed an amended Rule 24.035 motion in December 2010.

Subsequently, the State filed a motion to dismiss alleging that Wiley's pro se Rule 24.035 motion for post-conviction relief was untimely filed. In Wiley's response, he alleged that circumstances beyond his control justified the late filing of his pro se motion. Wiley specifically alleged that he and his caseworker would collectively testify that: (1) in accordance with prison policy, Wiley submitted an envelope containing his pro se motion to his caseworker to be mailed on March 22, 2010, which was about two months before the deadline to file under Rule 24.035(b); (2) Wiley's caseworker notarized Wiley's forma pauperis affidavit on March 22, 2010, and submitted Wiley's envelope to the prison mailroom; (3) the policy of the prison was for mailroom personnel to weigh outgoing mail and return it to an inmate if there was insufficient postage; (4) Wiley did not see the envelope again until it was returned to him on or around June 20, 2010, which was approximately one month after the deadline to file under Rule 24.035(b), and the envelope was marked "return to sender" and indicated it had insufficient postage; and (5) Wiley had no personal knowledge as to why he did not receive the envelope back until June 20, 2010, and either the prison mailroom or the post office failed to notify him that the envelope had insufficient postage for approximately three months. Wiley's response to the State's motion to dismiss requested a hearing so he could have the opportunity to present evidence of his allegations.

The motion court denied Wiley a hearing and dismissed his motion for post-conviction relief on the grounds that it was untimely filed. Wiley appeals.

## II. DISCUSSION

### A. Standard of Review

Our review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Nicholson v. State*, 151 S.W.3d 369, 370 (Mo. banc 2004). Findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Nicholson*, 151 S.W.3d at 370.

### B. The Motion Court Clearly Erred in Dismissing Wiley's Rule 24.035 Motion for PostConviction Relief

■ In his sole point on appeal, Wiley asserts the motion court clearly erred in

**2.** Rule 24.035(b) provides that if a movant, like Wiley, does not appeal a judgment or sentence after a guilty plea, his motion for post-conviction relief "shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections."

In this case, because 180 days from November 23, 2009 (the date Wiley was delivered to the custody of the Department of Corrections) was Saturday, May 22, 2010, Wiley's motion for post-conviction relief was due on Monday, May 24, 2010.

dismissing his Rule 24.035 motion for post-conviction relief on the grounds that it was untimely filed. Wiley specifically claims that he should have had the opportunity to prove that the unique circumstances of this case excused the late filing of his motion. We agree.

■ Rule 24.035(b) required Wiley to file his motion for post-conviction relief within 180 days of the date he was delivered to the custody of the Department of Corrections. In this case, it is undisputed that Wiley failed to file his motion within the 180–day time limit of Rule 24.035(b). Rule 24.035(b) provides that a movant's failure to file his motion for post-conviction relief within the 180–day time limit "shall constitute a complete waiver of any right to proceed under [Rule 24.035] and a complete waiver of any claim that could be raised in a motion filed pursuant to [Rule 24.035]." Although Rule 24.035 does not provide for any exceptions which excuse the late filing of a motion for post-conviction relief, court decisions have created three: (1) when the motion was delivered to the court so it would be filed within the time limits of the Rules but the court lost or misfiled the motion; (2) when post-conviction counsel abandoned the movant, i.e. "improperly act[ed] or fail[ed] to act to the movant's detriment"; and (3) "in very rare circumstances" where "an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion by the proper court." *Dorris v. State*, 2012 WL 135392 at \*2, \*4, \*7 (Mo. banc) (discussing the first judicially-created exception); *Moore v. State*, 328 S.W.3d 700, 702–03 (Mo. banc 2010) ((discussing the second and third judicially-created exceptions) (internal quotation omitted)). At issue in this case is whether the third judicially-created exception applies and rare circumstances beyond Wiley's control justified the late filing of his motion for post-conviction relief. Our Court held the exception applied in *Howard v. State*, a case we find particularly instructive here. 289 S.W.3d 651 (Mo.App. E.D.2009)

In *Howard*, the movant delivered his pro se motion to a prison guard to be mailed twenty days before his Rule 29.15 filing deadline. *Id.* at 651, 653. Pursuant to prison procedures, the movant had placed the motion in an envelope and included what he believed to be the correct amount of postage. *Id.* at 651. He also indicated on the outside of the envelope that he wanted it to be sent via certified mail. *Id.* Contrary to prison mailroom procedures, the mailroom did not notify the movant of insufficient postage before mailing his envelope and the mailroom did not send the movant's envelope via certified mail. *Id.* at 653–54. The envelope became lost in the postal system for approximately five weeks and was subsequently returned to the prison. *Id.* at 654. Although it was not clear exactly why the envelope was lost in the postal system or returned, an affidavit by the mailroom clerk at the prison stated that the envelope could have been returned because of incorrect postage or because the prison failed to send the envelope by certified mail pursuant to the movant's instructions on the outside of the envelope.[3] *Id.* at 651, 653–54. By the time the envelope was returned to the prison, the movant's Rule

---

**3.** We note that the motion court in *Howard* found that movant's envelope could have also been returned for an incorrect street address; Market Street as opposed to Tucker Street. *Id.* The *Howard* Court found that given a variety of factors, "we do not believe that [m]ovant's envelope was returned due to an incorrect address" but "[e]ven if that were the case, that error would have amounted to nothing more than an 'honest, minor clerical mistake in filing his pro se motion,' which [prior cases have] excused." *Id.* at 654, n. 1.

29.15 filing deadline had expired. *See id.* at 652. The movant took steps to re-mail his motion, and the motion court dismissed the movant's motion for post-conviction relief as untimely filed. *Id.*

On appeal, our Court found the prison mailroom's failure to notify the movant of insufficient postage before mailing his envelope and the mailroom's failure to send the movant's envelope via certified mail constituted "circumstances beyond [m]ovant's control." *Id.* at 654. We held that under the unique circumstances of that case, the late filing of the movant's post-conviction motion was justified because "there [wa]s no indication that [m]ovant intended to cause delay," and "[m]ovant's motion was delinquent through no fault of his own." *Id.*

The following circumstances alleged by Wiley in his response to the State's motion to dismiss are similar to those in *Howard.* In accordance with prison policy, Wiley submitted an envelope containing his pro se motion to his caseworker to be mailed about two months before the deadline to file under Rule 24.035(b). On that same date, Wiley's caseworker notarized Wiley's forma pauperis affidavit and submitted Wiley's envelope to the prison mailroom. The policy of the prison was for mailroom personnel to weigh outgoing mail and return it to an inmate if there was insufficient postage. Wiley did not see the envelope again until it was returned to him approximately one month after the deadline to file under Rule 24.035(b). The envelope was marked "return to sender" and indicated it had insufficient postage. Wiley had no personal knowledge as to why he did not receive the envelope back until approximately one month after the filing deadline, and either the prison mailroom or the post office failed to notify him that the envelope had insufficient postage for approximately three months.

Taking Wiley's allegations as true for purposes of this opinion, Wiley, like the movant in *Howard,* acted in accordance with prison policy and submitted his pro se motion to be mailed well before the deadline to file under the Missouri Supreme Court Rules. Similarly, by the time the envelope was returned to Wiley for insufficient postage, his Rule 24.035(b) filing deadline had expired. As in *Howard,* the prison mailroom's failure to follow policy and notify Wiley of insufficient postage before mailing his envelope constituted circumstances beyond Wiley's control. Moreover, there is no indication that Wiley intended to cause delay, and it appears Wiley's motion was delinquent through no fault of his own. Thus, pursuant to *Howard,* the circumstances alleged by Wiley, if proven, would justify the late filing of his post-conviction motion. "The reality is that pro se prisoners cannot take the steps other litigants can take … to ensure that the court clerk receives and stamps their notices of appeal before the … deadline." *Id.* (internal quotation omitted). Therefore, based on the limited set of circumstances alleged in this case, the motion court clearly erred in dismissing Wiley's Rule 24.035 motion as untimely filed.[4] Because the motion court did

4. We note that the State asserts Wiley's 24.035 motion was properly dismissed because the allegations regarding the circumstances leading to his motion's untimely filing were first raised in Wiley's response to the State's motion to dismiss, rather than in Wiley's pro se or amended motion for post-conviction relief. In support of its argument, the State cites to language in *Dorris* where the Missouri Supreme Court states: "[t]he movant must allege facts showing he timely filed his motion [for post-conviction relief] and meet his burden of proof by [*inter alia*] alleging and proving by a preponderance of the evidence *in his motion* that he falls within a [previously] recognized exception to the time

not hear evidence as to whether the late filing of Wiley's motion was justified due to circumstances beyond Wiley's control, the judgment dismissing Wiley's Rule 24.035 motion as untimely filed is reversed and the cause is remanded. *See Dorris,* 2012 WL 135392 at *2, *4, *7 (remanding a post-conviction case when the motion court did not hear alleged evidence of an exception to the filing time limits proscribed in the Rules); *Nicholson,* 151 S.W.3d at 370–71 (reversing and remanding a motion court's judgment dismissing a motion for post-conviction relief as untimely filed). On remand, the motion court shall determine whether the late filing of Wiley's motion was justified and proceed accordingly. *See Dorris,* 2012 WL 135392 at *7.

## III. CONCLUSION

The judgment dismissing Wiley's Rule 24.035 motion for post-conviction relief is reversed and the cause is remanded for further proceedings in accordance with this opinion.

PATRICIA L. COHEN, P.J. and ROBERT M. CLAYTON III, J., concur.

---

limits [of the Rules]...." 2012 WL 135392 at *4 (emphasis added). We find that the State's reliance on *Dorris* is misplaced for three reasons. First, the language relied on by the State is mere dicta because none of the three post-conviction appeals consolidated in *Dorris* involved a movant alleging that he fell within a previously recognized exception to the time limits of the Rules. *See id.* at *1–2, *7. Second, in *McFadden v. State,* the Missouri Supreme Court allowed a movant to raise a previously recognized exception to the time limits of the Rules (abandonment) in response

---

to the State's motion to dismiss and found that the exception applied in that case. 256 S.W.3d 103, 105–09 (Mo. banc 2008). Third, the *Dorris* Court remanded a post-conviction case so the movant could have the opportunity to prove his allegations that the court misfiled his motion and his late filing was thereby excused (under a new exception created by the *Dorris* Court) when there was no indication those allegations were made in a pro se or amended motion for post-conviction relief. *See* 2012 WL 135392 at *1–2, *4, *7.