

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| **MARLIN DALLAS LANE,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD84281** |
| | ) | |
| **v.** | ) | **OPINION FILED: March 15, 2022** |
| | ) | |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Benton County, Missouri**
The Honorable James A. Hackett, Judge

Before Division One: Mark D. Pfeiffer, Presiding Judge, Karen King Mitchell, Judge
and Gary D. Witt, Judge

Marlin Dallas Lane ("Lane") appeals the judgment of the Circuit Court of Benton

County ("motion court") dismissing his Rule 24.035[1] motion for post-conviction relief as

untimely filed, following an evidentiary hearing. On appeal, appearing *pro se*, Lane

argues: (1) the motion court erred in failing to inquire into a conflict of interest by

entertaining Lane's notarized motion to relieve appointed counsel; (2) Lane's counsel was

ineffective in failing to investigate, gather evidence, and locate witnesses; and (3) Lane's

---

[1] All rule references are to Missouri Supreme Court Rules (2018), unless otherwise indicated.

counsel failed to inform Lane he was part of a legal entity that involved other defendants who committed other crimes that were fraudulently conveyed to the public as appellants.[2] Finding no error, we affirm.

## Background

Lane pled guilty to one count of first-degree statutory sodomy on July 14, 2017. That same date, Lane was sentenced to ten years' imprisonment in the custody of the Department of Corrections. No direct appeal was filed. On April 29, 2019, Lane filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence pursuant to Rule 24.035. Lane's motion was filed 475 days after the deadline for filing such a motion. Lane was appointed counsel for an evidentiary hearing. At the evidentiary hearing, Lane testified that, following his guilty plea, he signed an acknowledgement form stating he had 180 days to file a Form 40 motion to vacate, set aside, or correct the judgment or sentence. Lane agreed that this required him to file the Form 40 by January 15, 2018. Lane also agreed that he did not "try to submit a Form in any form or fashion during the window prior to January of 2018."

Lane testified that the reason he did not file a Form 40 was because he was under duress; specifically, Lane stated he received various threats that prevented him from filing the form. First, due to threats of rape by other inmates, Lane believed he would be harmed if he tried to file the form. However, Lane acknowledged the inmates never tied their

---

[2] Lane raises a fourth point in his brief, but it is incomprehensible and does not comply with Rule 84.04 in that it does not "[i]dentify the motion court ruling or action that the appellant challenges[.]" Rule 84.04(d)(1)(A). Therefore, Lane's fourth point preserves nothing for appeal, and we deny it *sua sponte*. *See Hiner v. Hiner*, 573 S.W.3d 732, 734 (Mo. App. W.D. 2019).

threats to Lane seeking post-conviction remedies. Rather, Lane testified the threats from inmates were related to his writings and poetry; that is, if Lane continued to write poems and short stories, the inmates would verbally assault or rape him. Lane testified he believed the inmates would carry out their threats if he tried to file the form requesting post-conviction relief.

Second, Lane testified he received threats at his home before being transferred to a different correctional facility. Lane testified that a mailroom employee from the correctional facility came to his house and told him that he would be receiving documents while in prison.[3] The mailroom employee allegedly stated that the documents delivered to Lane would be requests for more writings and poetry, and if Lane refused to provide writings, he would be moved to another area of the prison where he would be exposed to inmates who would sexually assault him. Lane acknowledged there was a three-month window before receiving threats in which he could have filed the Form 40 but did not file it. Lane eventually requested his case file from the court in preparation for his post-conviction motion despite the continued threats. Lane acknowledged there were no other incidents prior to January of 2018 that prevented him from filing the Form 40.

The motion court denied Lane's motion because it was filed out of time, and the court found his testimony during the evidentiary hearing "lack[ed] credibility and [was] highly improbable." This appeal follows.

---

[3] Lane was living at his residence during this time because his original conviction, following a jury trial, was vacated after he prevailed on a post-conviction motion for relief due to ineffective assistance of counsel. He later pled guilty to the same charge and returned to the correctional facility wherein he allegedly received threats from the mailroom employee.

## Standard of Review

"Our review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous." *Wiley v. State*, 368 S.W.3d 236, 237 (Mo. App. E.D. 2012); Rule 24.035(k). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made." *Wiley*, 368 S.W.3d at 237. "Determinations concerning credibility are exclusively for the motion court. The motion court is free to believe or disbelieve any evidence, whether contradictory or undisputed, and we defer to the credibility determinations of the motion court." *Stacker v. State*, 357 S.W.3d 300, 303 (Mo. App. S.D. 2012).

## Analysis

A post-conviction motion filed after a plea of guilty from which there was no direct appeal must be filed within 180 days after the movant is sentenced. Rule 24.035(b). "Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." *Id.* Missouri courts recognize three exceptions to a Rule 24.035 motion that is filed out of time:

> (1) when the motion was delivered to the court so it would be filed within the time limits of the Rules but the court lost or misfiled the motion; (2) when post-conviction counsel abandoned the movant, i.e. "improperly act[ed] or fail[ed] to act to the movant's detriment"; and (3) "in very rare circumstances" where "an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion by the proper court."

*Wiley*, 368 S.W.3d at 238.

4

On appeal, Lane argues the motion court erred in failing to inquire into a conflict of interest pertaining to his post-conviction counsel. He also argues his counsel failed to investigate, gather evidence, and locate witnesses, and he argues his post-conviction counsel failed to inform him he was part of a legal entity that involved other defendants. Lane's argument fails because he never addresses the only issue considered by the motion court; that is, the timeliness of his Rule 24.035 motion. He never argues his Rule 24.035 motion should have been considered timely or that a judicially created exception applies to his case. Rather, Lane appears to argue his post-conviction counsel was hampered by a conflict of interest involving a "book deal" that is unsupported by the record. Any argument pertaining to Lane's post-conviction counsel being incompetent or conflicted is "categorically unreviewable" because his motion was filed out of time. *See Muhammad v. State*, 579 S.W.3d 291, 295 (Mo. App. W.D. 2019). The motion court correctly dismissed the action without considering the merits of the argument because it was untimely, and Lane failed to establish that the untimely filing fell within one of the recognized exceptions.

To the extent that any of Lane's arguments pertains to the reason his suit was untimely filed, such as his testimony that he received various threats, the motion court did not find Lane's testimony credible. Because we must defer to the motion court's determinations of credibility, the supposed threats allegedly sustained by Lane do not amount to the "very rare circumstances" exception to the time requirements of Rule 24.035. And as the motion court noted, even if Lane's testimony were credible, there were gaps in time within the 180-day filing deadline in which Lane could have filed the Form 40 without

5

threats from other inmates or employees.  Accordingly, the motion court did not clearly err in dismissing Lane's motion.

Lane's points are denied.

### Motion Taken with the Case

After the case was fully briefed and submitted, Lane filed a motion requesting expansion of the record, which was taken with the case.  Lane argues the record should be expanded due to exigent circumstances in light of recently obtained information relevant to the proceedings.  The motion fails to set forth what that recently obtained information may be or how it relates to the issues before this court.  Attached to the motion as an exhibit is a handwritten "Motion for Evidentiary Hearing to Develop Facts Pending Mandamus" with the heading "In the Supreme Court of Missouri."  There are no other exhibits attached to the motion, and there is no Supreme Court case number on the motion and no file stamped date.  Lane's motion states that the motion is attached as an exhibit and is not a motion to be ruled on by the Missouri Court of Appeals since it "concerns a concealment of a material fact, calculated to deceive, made and fraudulently submitted at a prior date with intent to deceive, and which in fact did deceive to the hurt of the petitioner and Court of Appeals, which is described within the exhibit's subject matter."

Lane's motion is untimely.  "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision."  Rule 81.12(a). "Unless the parties file a written agreement regarding the legal file as provided in Rule 81.15(a), appellant shall order any documents that are needed for the legal file from the

6

clerk of the trial court within 30 days after the notice of appeal is filed." Rule 81.12(b)(2)(C). "Rule 81.12(f) provides that '[i]f anything material is omitted from the record on appeal, the parties, by stipulation or the appellate court, on a proper suggestion or of its own initiative, shall direct that the omission or misstatement be corrected.'" *Saturn of Tiffany Springs v. McDaris,* 331 S.W.3d 704, 712 n.7 (Mo. App. W.D. 2011) (emphasis omitted). Lane's motion was not supported by the parties' stipulation, was not sought by this Court's own initiative, and is not based on a "proper suggestion." Further, it was not filed until after the case was fully briefed and had already been submitted.

In addition, Lane's motion for expansion of the record does not include any substantive evidence necessary to the determination of the question presented. Similar to the flaw in Lane's principal argument, Lane never argues the trial court erred in dismissing his Rule 24.035 motion because it was untimely filed. The content Lane wishes to introduce by expanding the legal file is irrelevant to the sole legal issue before us of whether his motion was timely filed. Lane's motion appears to present unfounded and unsupported general allegations of fraud but fails to state even what the alleged fraud relates to or how it is material to the question presented for our determination. Accordingly, the motion is denied.

## Conclusion

For the foregoing reasons, the ruling of the motion court is affirmed and the motion taken with the case is denied.

_____
Gary D. Witt, Judge

All concur

7