

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| NATHANIEL W. OSBORN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD84942 |
| | ) | |
| STATE OF MISSOURI, | ) | Opinion filed:  January 31, 2023 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI**
**THE HONORABE JEFF HARRIS, JUDGE**

Division One:  W. Douglas Thomson, Presiding Judge,
Alok Ahuja, Judge and Edward R. Ardini, Jr., Judge

Nathaniel W. Osborn ("Osborn")[1] appeals the denial of his Rule 29.15 motion following an evidentiary hearing in the Circuit Court of Boone County ("motion court").[2]  On appeal, Osborn claims the motion court erred in (1) finding his *pro se* Rule 29.15 motion[3] was not timely filed, "in that the circuit clerk failed to retain the

---

[1] We note that, based on the trial transcript, verdict forms, and exhibits, the correct spelling of Osborn's first name is "Nathanael," which does not comport with the caption of the case.  We will adhere to the spelling used in the caption in this opinion.

[2] All rule references are to Missouri Supreme Court Rules (2017), due to Osborn's sentencing having occurred prior to January 1, 2018.

[3] Defendants utilize Criminal Procedure Form Number 40 when filing a Rule 29.15 motion to vacate, set aside or correct the judgment or sentence.  At issue here is Osborn's incomplete Form 40, as well as its late filing.  Because of this, we simply refer to his motion as "Form 40."

envelope from . . . Osborn's first *pro se* motion as required by Rule 29.15, which prevented . . . Osborn from proving his motion was timely mailed[,]" and (2) finding his trial counsel was not ineffective for failing to object to the playing of a video exhibit at sentencing. We affirm.

## Factual and Procedural History[4]

On July 27, 2017, Osborn was sentenced to five years each on two counts of assault in the second degree, to run consecutively to each other. Osborn subsequently appealed to this court and, after a re-transfer from the Missouri Supreme Court, we issued our mandate on February 5, 2020, affirming his convictions. *State v. Osborn*, 591 S.W.3d 1 (Mo. App. W.D. 2019). This meant Osborn's *pro se* Form 40 was due on May 5, 2020. On March 11, 2020, Osborn had his Form 40 notarized, after which he testified that he gave the Form 40 to the notary to mail for him. Osborn presumed the notary mailed the Form 40 for him in March, 2020.

On May 11 or 12, 2020, Toni Kardon ("Kardon"), the Civil Supervisor in the Boone County Circuit Clerk's Office, received Osborn's Form 40. Kardon recognized it as a motion to vacate and recalled seeing the signature and notarization, but stated "it was pretty much all blank. There was no name, no case numbers, nothing was filled out, so I sent it all back saying he needs to fill it out." Importantly, Kardon returned to Osborn what he had sent, including the envelope in which the original motion was mailed. Along with returning these articles, Kardon wrote a letter to

---

[4] "On appeal from the motion court's denial of a Rule 29.15 motion, we view the facts in the light most favorable to the underlying criminal conviction as those facts bear upon the motion court's judgment." *Morrison v. State*, 619 S.W.3d 605, 607 n.1 (Mo. App. W.D. 2021) (citing *McFadden v. State*, 553 S.W.3d 289, 296 n.2 (Mo. banc 2018)).

2

Osborn dated May 13, 2020, stating, "We are in receipt of your Motion to Vacate. The papers are not completely filled out so we are unable to accept them. Please read it carefully make [sic] sure all areas are completely filled out before filing it." At the motion hearing, Osborn acknowledged receipt of the returned documentation from Kardon.[5]

Ultimately, Osborn mailed the Form 40 back to the court, where it was rejected and again returned to him to fully complete,[6] which he did. Once again, he mailed it back to the court where it was filed on June 15, 2020. On August 7, 2020, counsel entered an appearance on Osborn's behalf and an amended motion was subsequently filed. In it, counsel addressed the timeliness of Osborn's Form 40 by arguing the "motion was received, albeit it [sic] rejected and returned for some unknown reasons, in a timely fashion."

On July 2, 2021, the State filed a Motion to Dismiss with Prejudice Osborn's Rule 29.15 motion, asserting his *pro se* motion was untimely filed. The Motion to Dismiss was heard alongside Osborn's amended motion at an evidentiary hearing on July 20, 2021, and the motion court entered its judgment on September 30, 2021, denying Osborn's claims. With respect to the timeliness issue, the motion court determined "[Osborn's] claims are untimely and should be dismissed on that basis alone." The motion court also found that even if Osborn's claims were timely, he "failed to show that his convictions or sentences violate the Constitution or laws of

---

[5] Osborn did not keep a copy of this first returned Form 40.
[6] Osborn believed the copy of the Form 40 he had in his possession was a copy mailed back to him this second time the Form 40 was returned.

3

this State or of the United States and should be dismissed on that independent basis as well." Osborn now appeals. Additional facts will be provided below, as necessary.

## Standard of Review

"Appellate review of a judgment entered under Rule 29.15 'is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous.'" *Price v. State*, 422 S.W.3d 292, 294 (Mo. banc 2014) (quoting *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010)). "The motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the reviewing court with 'the definite and firm impression that a mistake has been made.'" *Hopkins v. State*, 519 S.W.3d 433, 435 (Mo. banc 2017) (quoting *Moore v. State*, 458 S.W.3d 822, 829 (Mo. banc 2015)). "'Determinations concerning credibility are exclusively for the motion court. The motion court is free to believe or disbelieve any evidence, whether contradictory or undisputed, and we defer to the credibility determinations of the motion court.'" *Lane v. State*, 644 S.W.3d 1, 3 (Mo. App. W.D. 2022) (quoting *Stacker v. State*, 357 S.W.3d 300, 303 (Mo. App. S.D. 2012)).

## Analysis

Osborn's first point on appeal claims "[t]he motion court clearly erred when it found [his] Form 40 was not timely filed . . . in that the circuit clerk failed to retain the envelope from . . . Osborn's first *pro se* motion as required by Rule 29.15, which prevented . . . Osborn from proving his motion was timely mailed." He asserts this failure by the circuit clerk "to perform her mandatory duty to maintain court records

4

in compliance with court rules" prejudiced him in "his ability to prove the timeliness of his motion . . . ." We disagree.

"Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated." Rule 29.15(a). Rule 29.15(b) requires that, "[i]f an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." "Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." *Id.*

"The deadline and 'complete waiver' provisions of Rule 29.15(b) are mandatory and constitutional." *Price*, 422 S.W.3d at 297 (citation omitted). Indeed, "'[o]ur courts are obligated to enforce the mandatory time limits associated with post-conviction relief[.]'" *Robinson v. State*, 640 S.W.3d 487, 489 (Mo. App. W.D. 2022) (second alteration in original) (quoting *Miller v. State*, 386 S.W.3d 225, 227 (Mo. App. W.D. 2012)). "Because the failure to file a timely motion for post-conviction relief results in a complete waiver, the movant must demonstrate that his or her initial *pro se* motion for post-conviction relief is timely filed." *Stewart v. State*, 640 S.W.3d 820, 823 (Mo. App. S.D. 2022) (citing *Vogl v. State*, 437 S.W.3d 218, 226-27 (Mo. banc 2014)).

5

In determining timeliness, we are guided by what is commonly called the "mailbox rule" provided in Rule 29.15(b):

> If the motion is sent to the sentencing court by first-class United States Mail and is addressed correctly with sufficient postage and deposited in the mail on or before the last day for filing the motion, the motion shall be deemed to be filed timely. A legible postmark affixed by the United States postal Service shall be prima facie evidence of the date of the filing of the motion.

Related to the importance of the postmark is Rule 29.15(c)'s requirement that the clerk "file stamp the motion on the date it is received and retain in the court file the envelope in which the motion was sent." "The obvious reason to require the clerk to retain the envelope is that the envelope would contain the postmark that would presumptively establish the date on which a *pro se* motion was mailed, and therefore the date on which the motion would be deemed filed." *Kirk v. State*, 590 S.W.3d 897, 901 (Mo. App. W.D. 2019).

Here, we issued our mandate affirming Osborn's convictions on February 5, 2020. Both Osborn and the State agree Osborn's initial motion was due May 5, 2020. *See* Rule 29.15(b). Osborn's Form 40 was not filed until June 15, 2020. Osborn asserts we should deem his *pro se* motion timely filed because "Kardon failed to fulfill her mandatory duty to retain the envelope from . . . Osborn's [original] *pro se* motion," the original Form 40 she received on either May 11 or 12, 2020, and returned to him. Osborn claims his case is analogous to *Kirk,* where the movant's *pro se* Rule 24.035 motion was stamped as received two days after the deadline, but the clerk's office had

6

not retained the envelope in which the motion had been mailed.[7]  590 S.W.3d at 899-900.  Accordingly, this court determined,

> [W]hile the burden was on Kirk to prove the timeliness of her motion, she was denied a critical piece of evidence essential to proving the date on which her motion was mailed, when the circuit clerk failed to fulfill her mandatory duty to preserve the envelope in which Kirk's motion was mailed.

*Id.* at 902.  Osborn similarly claims that because Kardon did not retain the envelope from the first *pro se* motion, he "was denied this vital piece of evidence that would have allowed him to prove his Form 40 was mailed on or before May 5, 2020."

We find Osborn's argument misses the mark.  Importantly, Osborn fails to address that this "vital piece of evidence" was returned to him by Kardon.  Indeed, she returned the Form 40 Osborn initially sent, *including the envelope in which it was sent,* on May 13, 2020.  Osborn did not dispute that Kardon returned the envelope to him with the May 13th correspondence at the motion hearing or in his briefing with our court.  And, it is evident Osborn received the May 13th, 2020 correspondence in that he replied to it when he mailed his Form 40 back to the clerk's office.  We fail to see how Osborn could be prejudiced by the clerk's failure to retain the envelope when the very evidence he claims he was denied was delivered to him.  The actions of the clerk did not "prevent[] [him] from proving his motion was timely mailed[,]" as alleged in his point, but rather he simply did not enter the envelope into evidence.

---

[7] The applicable Rule 24.035 at the time of *Kirk* contained similar provisions regarding the "mailbox rule" and the clerk's duty to retain the mailed envelope as we have in the instant case.  *Kirk*, 590 S.W.3d at 901.

7

Accordingly, we find *Kirk* inapplicable. There, the clerk's office had received the motion and actually destroyed the envelope in which it was mailed.[8] *Id.* at 899-900. This leads to the logical conclusion that Kirk did not regain possession of the envelope after it was mailed, which is why "the actions of the *clerk* in violation of Rule 24.035(c) . . . prevented Kirk from *proving* the timeliness of her filing." *Id.* at 903 (first emphasis added). Notably, this court asserted that "[t]here is no suggestion that Kirk is responsible for the missing envelope." *Id.* Here, however, Osborn *did* regain possession of the envelope; he does not state otherwise. Where Kirk "was denied a critical piece of evidence[,]" in the case at hand such evidence was delivered back to Osborn. *Id.* at 902. Unlike Kirk, he had the means to prove the timeliness of his filing but for some unknown reason failed to present such evidence. It therefore appears Osborn prevented *himself* from proving the timeliness of his motion.[9] Consequently, he cannot now claim he was prejudiced by Kardon's failure to retain the envelope, and we refuse to make such a finding.[10]

---

[8] In fact, we found that "critical evidence ha[d] been **destroyed** without fault on the part of the movant, **by court personnel** who have violated their mandatory obligations under the Supreme Court Rules . . . ." *Kirk*, 590 S.W.3d at 903 (emphasis added). Further, in disagreeing with the State's argument that relief should be denied "because there is no evidence that the circuit clerk acted maliciously or in bad faith[,]" we pointed to the lack of such a requirement in "active interference" and "missing transcript" cases, and notably stated that "[i]nstead, the relevant questions are the litigant's lack of culpability and the degree of prejudice suffered by the litigant." *Id.* at 904.

[9] Of course, whether his motion was timely begs the question of whether his Form 40 motion was sufficient at all. Osborn has artfully sidestepped this issue and directed us solely to the alleged failings of the clerk to retain the envelope containing a Form 40 that was "pretty much all blank." In rendering our decision today on the point asserted by Osborn, we need not get to the sufficiency of his motion.

[10] Osborn has not challenged Kardon's rejection of his original *pro se* motion – only her failure to retain the envelope in which the motion was mailed. Given Osborn's failure to challenge Kardon's authority to reject his original submission, and our conclusion that he was not prejudiced by Kardon's return of the envelope to him, we do not address whether Kardon was legally authorized to reject Osborn's original *pro se* motion, without keeping any record of Osborn's attempted filing. *See State v. Ess*, 453 S.W.3d 196, 201 (Mo. banc 2015) (circuit clerk rejected new-trial motion based on absence of notarization on an affidavit accompanying the motion; the Supreme Court held that "the circuit clerk

8

Ultimately, the burden for proving that the *pro se* motion was timely filed rested on Osborn. The motion court did not clearly err in finding that he had failed to satisfy that burden. In making its factual determination as to the timeliness of Osborn's *pro se* motion, the motion court was entitled to consider the fact that Osborn had failed to produce the envelope within which his original *pro se* motion had been mailed to the court, despite the fact that the envelope had been returned to him by the circuit clerk.

> The failure of a party to produce . . . evidence which is peculiarly within his knowledge or under his control and which he would naturally be expected to produce if favorable to him gives rise to a legitimate inference that its production would have resulted unfavorably to him and entitles counsel for the opposing party to comment on a failure to produce evidence.

*Graeff v. Baptist Temple of Springfield*, 576 S.W.2d 291, 306 (Mo. banc 1978) (citations omitted); *accord*, *Hall v. Mo. Pac. R. Co.*, 738 S.W.2d 594, 595 (Mo. App. E.D. 1987). The motion court's factual finding that Osborn had failed to prove the timeliness of his motion was supported by Osborn's failure to produce the envelope (or explain its non-production); the court's disbelief of his claim that he gave his motion to a notary for mailing in March, 2020; and the time lapse between the May 5, 2020 deadline for filing the *pro se* motion, and Kardon's May 13, 2020 letter returning it to Osborn.

---

refused Ess's filing in the absence of some clear prohibition in law, court rule, or specific court order. The circuit clerk was obligated to accept the filing, and a party could move to have the pleading stricken if the defect, which was the missing stamp on the accompanying affidavit, was not cured" (internal citations omitted)); *State v. Brubaker*, 177 S.W.2d 623, 624 (Mo. 1944) ("The clerk must make some record of the filing of a paper when it is presented to him. He has no discretion in this matter." (citation omitted)).

We therefore hold the motion court did not clearly err in finding Osborn's Form 40 was not timely filed. Osborn was not prejudiced by the circuit clerk's failure to retain the envelope in which his *pro se* motion was mailed, as the envelope was returned to him and therefore available for his use in future proceedings. Further, Osborn offers no other argument as to why we should deem the *pro se* motion timely filed.[11] Because our disposition of this first point is dispositive of Osborn's appeal, we need not address his remaining point.

## Conclusion

The judgment of the motion court denying Osborn's Rule 29.15 motion is affirmed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

---

[11] Indeed, the motion court determined "[t]here was no credible evidence in the record or presented at the hearing showing" Osborn complied with the requirements of Rule 29.15(b)'s "mailbox rule" on or before May 5, 2020. And notably, the motion court *explicitly found* that Osborn's testimony that he gave the motion to the notary to file was "**not credible** because the notary signed the *pro se* motion on March 11, 2020, and that motion was not received until May." (Emphasis added). "'[W]e defer to the credibility determinations of the motion court.'" *Lane*, 644 S.W.3d at 3 (quoting *Stacker*, 357 S.W.3d at 303). This also renders unnecessary any discussion of Osborn's argument that he "was entitled to give his *pro se* motion to a third party and rely on the third party to mail and file it."

10