Jason HENDRICKSON,
Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. ED 98473.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 11, 2013.

Lisa M. Stroup, St. Louis, MO, for appellant.

Chris Koster, Attorney General, Jessica P. Meredith, Assistant Attorney General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Movant, Jason Hendrickson, appeals from a judgment denying on the merits his Rule 24.035 motion for post-conviction relief after an evidentiary hearing. We vacate the judgment and remand the cause with instructions to dismiss the Rule 24.035 motion because movant failed to timely file his *pro se* motion.

After his first trial ended in a mistrial, movant entered a plea of guilty to abuse of a child, in violation of section 568.060 RSMo (2000), and the trial court sentenced

movant to seven years imprisonment. Movant was delivered to the Department of Corrections (DOC) by April 21, 2010.

On June 20, 2011, movant filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035. Appointed counsel subsequently filed an amended motion and request for an evidentiary hearing. After the evidentiary hearing, the motion court entered findings of fact, conclusions of law, and judgment denying the motion. Movant appeals from this judgment.

While movant's appeal of this judgment was pending, movant filed a motion in this court to deem his *pro se* motion as timely filed or to remand the case to the motion court for a hearing to determine if good cause existed for the late filing. We took this motion with the case.

In his amended Rule 24.035 motion, movant alleged that he was delivered to the custody of the DOC on April 21, 2010. Under these circumstances, movant was required to file his *pro se* motion within 180 days, which would be no later than October 18, 2010. Rule 24.035(b). Movant's June 20, 2011 filing was therefore untimely.

Movant argues that he had good cause for filing his untimely *pro se* motion because he has been diagnosed as mentally retarded, and when he was delivered to the DOC, he discovered that he could not complete the *pro se* motion because of his disability. He asserts that he tried to find other inmates willing to help him fill out the motion, but it took time to find someone who would help him without charge.

 Rule 24.035(b) provides: "Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." *Id.* The phrase "complete waiver" in this rule "establishes a total, absolute relinquishment of a legal right." *Dorris v. State,* 360 S.W.3d 260, 267–68 (Mo. banc 2012). "It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—even if the State does not raise the issue." *Id.* at 268.

 When a movant files a Rule 24.035 motion, the movant must allege facts showing a basis for relief and establishing that the motion is timely filed. *Dorris,* 360 S.W.3d at 267. It is the movant's burden to show the motion was timely filed. *Id.* "A movant may meet this burden of proof by (1) demonstrating that the time stamp on the file reflects that the original *pro se* motion was filed within the time limits proscribed by the rule, (2) alleging and proving by a preponderance of the evidence that he or she falls within a recognized exception to the time limits, or (3) alleging in his or her amended motion and proving by a preponderance of the evidence that the court misfiled the motion." *Mitchell v. State,* 386 S.W.3d 198, 200 (Mo.App.2012).

 With respect to the second category, courts have recognized three exceptions to the time limits on filing a motion for post-conviction relief, which arise (1) when the motion was delivered to the court within the time limits of Rule 24.035 or Rule 29.15 but the court lost or misfiled the motion; (2) when the movant was abandoned by post-conviction counsel; and (3) "in very rare circumstances" when an improper filing, caused by circumstances beyond the movant's control, justifies a late receipt of the motion by the proper court. *Wiley v. State,* 368 S.W.3d 236, 238 (Mo.App.2012).

Movant contends that his disability and inability to find someone who would help

him write the *pro se* motion without payment constituted circumstances outside of his control, citing *McFadden v. State,* 256 S.W.3d 103, 108 (Mo. banc 2008), and *Howard v. State,* 289 S.W.3d 651 (Mo.App. 2009). Neither of these cases assists movant. *McFadden* involved abandonment by post-conviction counsel. *Howard* involved a timely mailing, but an untimely delivery because the correctional center failed to follow its own mailroom procedures.

■■■ The *pro se* motion must give the court notice that a movant seeks post-conviction relief. *Moore v. State,* 328 S.W.3d 700, 702 (Mo. banc 2010); *Bullard v. State,* 853 S.W.2d 921, 922–23 (Mo. banc 1993). Legal assistance is not required for the *pro se* motion. *Moore,* 328 S.W.3d at 702; *Bullard,* 853 S.W.2d at 923. "The movant is responsible for filing the original motion, and a lack of legal assistance does not justify an untimely filing." *Gehrke v. State,* 280 S.W.3d 54, 57 (Mo. banc 2009), citing *Bullard,* 853 S.W.2d at 923. Because legal assistance is not required in order to file the *pro se* motion, "the absence of proper legal assistance does not justify an untimely filing." *Bullard,* 853 S.W.2d at 923. Further, a movant's personal lack of legal acumen does not excuse a late filing. *See State v. Harris,* 781 S.W.2d 137, 139 (Mo.App.1989) (holding that a movant's youth, limited education, and minimal contacts with the legal system did not excuse a late filing).

■■■ Movant's failure to timely file his *pro se* motion constituted a complete waiver of his right to proceed with his post-conviction motion. *Dorris,* 360 S.W.3d at 268. We have the authority to enforce the Rule 24.035 time limits by vacating the judgment and ordering the motion dismissed.

*Conclusion*

Movant's motion to deem his *pro se* motion to be timely filed is denied. The judgment of the motion court is vacated, and the cause is remanded to the motion court with instructions to dismiss movant's Rule 24.035 motion.

MARY K. HOFF, J. and LISA VAN AMBURG, J., concur.