

# Missouri Court of Appeals
## Southern District

### In Division

| | | |
|---|---|---|
| CLAYTON D. COUNTS, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| v. | ) | No. SD37822 |
| | ) | |
| STATE OF MISSOURI, | ) | **Filed: May 9, 2024** |
| | ) | |
| Respondent-Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

The Honorable David A. Dolan, Judge

### <u>AFFIRMED</u>

Clayton D. Counts appeals a Scott County Circuit Court ("motion court") judgment dismissing his Rule 29.15 motion for post-conviction relief for being untimely filed.[1] Counts's amended motion presented four claims of ineffective assistance of trial counsel: two claims alleging Counts's trial counsel rendered ineffective assistance of counsel by failing to move to strike for cause, or to peremptorily strike, two jurors who indicated they could not remain fair and impartial; one claim alleging trial counsel failed to object to expert testimony that invaded the province of the jury; and one claim alleging

---

[1] All rule references are to Missouri Court Rules (2018), unless otherwise indicated. Counts's conviction and motions for post-conviction relief preceded the 2021 amendments to Rule 29.15.

1

trial counsel was ineffective by admitting Counts "did a lot of awful things" to Victim in closing argument. In four points on appeal, Counts claims the motion court erred in dismissing his Rule 29.15 motion for being untimely filed because he proved his untimely filing was excusable under the exception for third-party interference (Point I), erred in denying his Rule 29.15 motion because he proved trial counsel provided ineffective assistance of counsel by failing to strike two jurors who indicated they could not remain fair and impartial (Points II and III), and erred in denying his Rule 29.15 motion because he proved trial counsel provided ineffective assistance of counsel by admitting in closing argument that Counts "did a lot of awful things to [Victim] while she was underage" (Point IV). Because the motion court's judgment dismissing Counts's Rule 29.15 motion for being untimely filed was not clearly erroneous, and because remand is not required for the motion court to enter findings of fact and conclusions of law, we affirm.

**Factual Background and Procedural History**

In the underlying criminal proceedings, a jury found Counts guilty of three counts of statutory rape in the first degree, one count of possession of child pornography, and one count of unlawful possession of a firearm on May 3, 2018. The trial court informed Counts of his right to file a post-conviction relief motion at sentencing and read Rule 29.15 in open court. It also warned Counts as follows: "The post-conviction relief rights advise you of certain times and when you have to file those motions. You don't have to file [a Rule 29.15 motion], but if you want to[,] don't let the time go by, then you lose the opportunity to do that." Counts appealed his conviction for unlawful possession of a firearm, and this Court affirmed his conviction in an unpublished *per curiam* order per

Rule 30.25(b) on January 30, 2020.  ***State v. Counts***, No. SD35669 (Mo. App. S.D. 2020).  This Court issued its mandate on February 18, 2020.

On August 25, 2020, 189 days after this Court's mandate, Counts filed a *pro se* Rule 29.15 motion for post-conviction relief.  Counts's signature on the *pro se* motion was dated August 14, 2020.  In the accompanying cover letter, Counts acknowledged his Rule 29.15 motion was untimely and asked the motion court to excuse the late filing on account of Counts's "medical issues" and "issues" his prison was "having with the Covid [sic] 19 Virus[]."  He stated the prison had been in lockdown twice, which limited his ability to use the prison's law library.

The motion court dismissed and denied Counts's *pro se* Rule 29.15 motion on September 9, 2020, but it later recalled its order of dismissal on September 23, 2020, and appointed the Missouri State Public Defender as post-conviction counsel for Counts that same day per ***Randolph v. State***, 608 S.W.3d 785, 787 (Mo. App. E.D. 2020), and ***Bonds v. State***, 608 S.W.3d 788, 789-90 (Mo. App. E.D. 2020).  Post-conviction counsel entered his appearance on October 27, 2020, and the motion court granted two 30-day extensions to file an amended Rule 29.15 motion on November 12, 2020, and December 14, 2020.  With these extensions, Counts's amended Rule 29.15 motion was due by January 21, 2021, 120 days from the appointment of counsel.  *See* Rule 29.15(g).  However, post-conviction counsel failed to file an amended Rule 29.15 motion or statement in lieu of an amended motion, and the motion court subsequently entered an order on June 14, 2021, finding Counts had been abandoned and appointing new post-conviction counsel.  The motion court's order granted new post-conviction counsel 90 days from reappointment to

file an amended Rule 29.15 motion.  The newly appointed post-conviction counsel timely filed an amended Rule 29.15 motion 90 days later on September 12, 2021.

Counts's amended Rule 29.15 motion included claims that his trial counsel provided ineffective assistance of counsel by failing to move to strike for cause, or peremptorily strike, two jurors; failing to object to expert testimony that invaded the province of the jury; and provided further ineffective assistance by admitting Counts did "awful things" to Victim in closing argument.  Counts additionally alleged his failure to timely file a *pro se* Rule 29.15 motion was due to the active interference of correctional officials at his prison who placed him in a segregated unit, because of Counts's chronic obstructive pulmonary disease ("COPD"), with limited access to the prison library and library materials.  He further claimed "COVID-19 shutdowns" between February 2020 and May 18, 2020, delayed the processing of his requests for library materials and the assistance of a library assistant.

On January 5, 2022, the motion court held an evidentiary hearing on Counts's ineffective assistance of counsel claims.  An attorney who assisted Counts's trial counsel testified at the hearing, and post-conviction counsel admitted Counts's deposition into evidence.

Counts testified in his deposition that his initial Rule 29.15 motion was late because of "COVID going on" in his correctional facility.  According to Counts, "nobody could get out, to do anything[,]" "no mail move[d]" during the COVID-19 shutdowns, and he had been in the "intensive care unit" since being incarcerated.  Counts claimed he was "never" allowed to go to the law library because his COPD required him to use oxygen tanks, which were not allowed outside the infirmary at his correctional facility.

4

When Counts tried to go to the law library, unidentified individuals "turned [him] around and told [him to] never come back" because of his oxygen tank. Counts made "[m]any" requests for materials from the law library while he was trying to complete his Rule 29.15 motion, and these requests took two weeks to process.

Counts further testified his Rule 29.15 motion was filed late because he "was so sick." When asked specifically which month he had COVID-19 in 2020, Counts responded, "it probably was in November[.]" Counts also said he left the Rule 29.15 motion "in the lawyer's hands[,]" referring to his trial counsel, in August of 2020, but he did not know who completed his initial motion or who addressed the envelope containing the motion. Counts stated the "boy" from the "law library" was the one who "probably" typed the motion and that "one of [his] cell mates" may have "signed" it, responding to the question of who addressed the envelope.

The motion court held evidence open after the hearing for Counts to submit the deposition of his trial counsel, deposition of his appellate counsel, and other evidence supporting his claim that the *pro se* Rule 29.15 motion was filed late due to a shutdown for COVID-19 at the correctional center. Post-conviction counsel never secured a deposition of trial counsel, nor did she obtain additional evidence from the Department of Corrections showing Counts's correctional facility was shut down and unable to assist prisoners with filings during the COVID-19 pandemic despite having requested the information three times, but never trying to subpoena the records.

At a later hearing on July 13, 2022, post-conviction counsel admitted into evidence the depositions of Counts's appellate counsel and an inmate, A.P., who helped Counts prepare his *pro se* Rule 29.15 motion. A.P. testified he helped fellow inmates

5

complete the Form 40 for Rule 29.15 motions as a law library clerk in the correctional facility. Before A.P. could render assistance to any inmate, he needed to sign a form indicating he was willing to do so. The "Offender Counsel Substitute Request" form A.P. signed before he started assisting Counts was dated April 7, 2020, and Counts dated this same form April 8, 2020. A.P. could not remember when he began assisting Counts but knew it was in the summer during the "Pandemic." After he finished preparing Counts's Rule 29.15 motion, A.P. told Counts "he needed to mail it kind of immediately[,]" though A.P. did not recall when the motion was finished.

The motion court entered a judgment dismissing Counts's Rule 29.15 motion and request for post-conviction relief as untimely on September 26, 2022. The judgment read, in total:

> All parties agree that Mr[.] Counts 29.15 Motion was untimely filed, but Counsel for movant alleged that her client, was excused by 29.15 (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; State filed a Motion to Dismiss. Movant appears by counsel, []; The State appears by Prosecuting Attorney, []; Motion to dismiss is taken up and Granted with the record reflecting counsel for Movant had requested records from Department of Correction in regards to being shut down for Covid and they have not been produced. Movant has failed to meet his burder [sic] of proof. Matter Dismissed without prejudice as for untimely filing.
>
> The Court requested a written Order following the hearing but not [sic] was received.

The motion court did not issue findings of fact and conclusions of law as required by Rule 29.15(j).

## Standard of Review

Our review of a judgment entered under Rule 29.15 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Price v. State*, 422 S.W.3d 292, 294 (Mo. banc 2014). Findings and conclusions are clearly

6

erroneous if, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. *Meiners v. State*, 540 S.W.3d 832, 836 (Mo. banc 2018).

*Lee v. State*, 658 S.W.3d 214, 217 (Mo. App. S.D. 2022). We presume the motion court's findings are correct throughout this review. **Shockley v. State**, 579 S.W.3d 881, 892 (Mo. banc 2019). If a movant untimely files his or her motion for post-conviction relief, "the motion court should not reach the merits of the motion." **Jackson v. State**, 643 S.W.3d 640, 643 (Mo. App. S.D. 2022) (quoting **Watson v. State**, 536 S.W.3d 716, 717 (Mo. banc 2018)) (internal quotation marks omitted).

**Analysis**

Point I – Counts Failed to Prove a Recognized Exception Excused the Untimely Filing of his Rule 29.15 Motion

"Rule 29.15 provides the 'exclusive procedure' by which a person convicted of a felony after trial may seek relief in the sentencing court for claims of ineffective assistance of counsel." **Lee**, 658 S.W.3d at 217 (quoting Rule 29.15(a)). A movant's original Rule 29.15 motion is to be "substantially in the form of Criminal Procedure Form No. 40." Rule 29.15(b). The "original motion is 'relatively informal' and serves to notify the circuit court, the appellate court, and the state that the movant intends to seek post-conviction relief." **Watson v. State**, 520 S.W.3d 423, 432 (Mo. banc 2017) (quoting **Bullard v. State**, 853 S.W.2d 921, 922-23 (Mo. banc 1993)). As such, a movant may not excuse an untimely Rule 29.15 motion on a lack of legal assistance. *Id.*; **Hendrickson v. State**, 400 S.W.3d 857, 860 (Mo. App. E.D. 2013).[2] The failure of a movant to timely

_____

[2] **Hendrickson** addressed a movant's appeal from the denial of his *pro se* Rule 24.035 motion for post-conviction relief following his guilty plea. 400 S.W.3d at 858. "The same standard of review is applied when reviewing the grant or denial of a Rule 24.035 or Rule 29.15 motion[,]"

file his or her original Rule 29.15 motion "shall constitute a complete waiver of any right to proceed under [] Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to Rule 29.15." Rule 29.15(b). "The deadline and 'complete waiver' provisions of Rule 29.15(b) are mandatory[,]" *Henneha v. State*, 669 S.W.3d 667, 671 (Mo. App. S.D. 2023) (quoting *Price*, 422 S.W.3d at 297), and cannot be waived by the State. *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012). "To avoid dismissal, a movant bears the burden of *pleading and proving* by a preponderance of the evidence that the *pro se* motion was timely filed." *Jackson*, 643 S.W.3d at 645.

Counts admits his *pro se* Rule 29.15 motion was untimely. This Court issued its mandate on Counts's direct appeal on February 18, 2020, and his Rule 29.15 motion was due within 90 days after that date per Rule 29.15(b). Counts's deadline to file his initial Rule 29.15 motion was May 18, 2020, yet he filed it on August 25, 2020, nearly six months after this Court's mandate. Nonetheless, Counts argues in Point I that the motion court clearly erred in dismissing his Rule 29.15 motion as untimely filed because his showing of "prison lockdowns and staff shortages caused by COVID-19" proved "his untimely filing is excusable under the active-interference-by-a-third-party exception to the time limitations[.]"

"The Supreme Court of Missouri has recognized a limited exception to the mandatory 90-day time limit for filing an initial post-conviction motion where there is 'third-party interference' as to the filing of the *pro se* motion." *Pool v. State*, 621 S.W.3d

---

and we will cite to cases addressing either rule as appropriate. *Jones v. State*, 661 S.W.3d 806, 808 n.2 (Mo. App. S.D. 2023) (quoting *Berry v. State*, 551 S.W.3d 102, 107 n.5 (Mo. App. S.D. 2018)).

640, 642 (Mo. App. E.D. 2021).  This exception exists because "of the practical reality that an inmate cannot comply with Rule 29.15 without relying on a third party to some extent."  *Price*, 422 S.W.3d at 302.  For the third-party-interference exception to apply, the following conditions must be met:

> "[W]hen an inmate prepares the motion and does all he reasonably can do to ensure that it is timely filed under Rule 29.15(b), any tardiness that results solely from the active interference of a third party beyond the inmate's control may be excused and the waivers imposed by Rule 29.15(b) not enforced."

*Henneha*, 669 S.W.3d at 671 (quoting *Price*, 422 S.W.3d at 301); *see also Pool*, 621 S.W.3d at 642 (stating similar).  As applied to Counts's circumstances and claims, his delay in filing his *pro se* Rule 29.15 motion could only be excused if (1) he prepared the motion before the May 18th deadline and did all he reasonably could to effectuate a timely filing, and (2) any resulting delay in filing was "caused *solely* by the COVID-19 restrictions in place at the prison."  *McCartney v. State*, 655 S.W.3d 380, 384 (Mo. App. S.D. 2022).

Missouri appellate courts have addressed excusable delay in the context of the COVID-19 pandemic's impact on filing *pro se* post-conviction relief motions on three separate occasions.  *Henneha*, 669 S.W.3d at 669; *Ross v. State*, 659 S.W.3d 368, 370 (Mo. App. E.D. 2023); *McCartney*, 655 S.W.3d at 383.  *Henneha* held a trial court did not clearly err in dismissing a movant's Rule 29.15 motion as untimely where nothing "in the record show[ed] the delay in the filing was caused *solely* by the COVID-19 restrictions in place at the prison or other active interference of a third party beyond [the movant's] control."  669 S.W.3d at 671 (internal quotation marks and citation omitted).  *McCartney* likewise found no motion court error from the dismissal of a *pro se* Rule

9

24.035 motion where the movant failed to prove he prepared his motion before his deadline and failed to demonstrate the delayed filing was "*solely*" a byproduct of COVID-19 restrictions. 655 S.W.3d at 384. ***Ross***, while not deciding whether the movant's claim was valid, expressed doubt COVID-19 protocols would excuse the late filing of a *pro se* Rule 24.035 motion. 659 S.W.3d at 375 ("[The movant's] allegation that active interference by the DOC in the form of COVID-19 protocols prevented him from both preparing and filing his postconviction motion in a timely manner will likely be an exceedingly difficult set of circumstances to prove."). With regard to filing an amended Rule 29.15 motion, the Eastern District of this Court in ***Nickels v. State*** held the reduced working hours of court clerks during the COVID-19 pandemic did not justify a motion court granting an extension to file the amended motion after its filing deadline. 668 S.W.3d 287, 290 n.8 (Mo. App. E.D. 2023). ***Nickels*** noted "the law is clear[,]" notwithstanding the challenges of the COVID-19 pandemic. ***Id.***

Because the filing deadlines of Rule 29.15 are clear, we conclude Counts has presented nothing convincing us to depart from ***Henneha*** and ***McCartney***. 669 S.W.3d at 671; 655 S.W.3d at 384. Counts said he struggled to complete the Rule 29.15 motion because he became "so sick" and argues in his brief that contracting COVID-19 contributed to his delay. However, Counts also testified his COVID-19 infection happened in November 2020, long after the *pro se* motion was due. He left the motion in trial counsel's "hands" in August, despite the deadline to file being May 18, 2020, and despite the trial court's warning at sentencing that Counts could not seek post-conviction relief if his request was late. In addition, and though Counts complains his medical condition and isolation in the prison's "intensive care unit" prevented him from accessing

10

the law library, his signature on the Offender Counsel Substitute Request form suggests he did not begin to seek help to complete the Rule 29.15 motion until April 8, 2020, just over a month before the motion was due on May 18, 2020. The law library clerk who assisted Counts confirmed he helped Counts in the "summer" but could not recall whether Counts finished the *pro se* motion before its deadline in May. Counts's signature on the *pro se* motion, dated August 14, 2020, indicates it was not finished before that May deadline.

Even if Counts had sought help sooner, a reliance on others or a lack of legal acumen does not excuse an untimely *pro se* motion. **Watson**, 520 S.W.3d at 432 ("As legal assistance is not required in order to file the original motion, the absence of proper legal assistance does not justify an untimely filing.") (citation omitted); **Hendrickson**, 400 S.W.3d at 860 ("[A] movant's personal lack of legal acumen does not excuse a late filing."). Counts likewise cannot characterize his COPD as active third-party interference that prevented him from completing the Form 40. *See* **Hendrickson**, 400 S.W.3d at 859-60 (rejecting a movant's claim his mental disability and inability to find drafting assistance constituted circumstances outside the movant's control).

Counts failed to prove he prepared his *pro se* motion before its deadline and did everything he reasonably could to ensure its timely filing or that any subsequent tardiness "*solely*" came from COVID-19 restrictions or other third-party interference. **McCartney**, 655 S.W.3d at 384. The motion court afforded Counts two hearings to present evidence that his correctional facility was unable to assist prisoners with filings during the COVID-19 pandemic, yet he gathered no further evidence beyond the claims in his *pro se* motion and testimony. "The motion court did not clearly err in finding this testimony did

11

not satisfy the [third-party-interference] exception set out in **Price**." **Henneha**, 669 S.W.3d at 671.

Point I is denied.

<u>Points II, III, and IV – The Untimely Filing of Counts's *Pro Se* Rule 29.15 Motion Waived his Right to Seek Post-Conviction Relief on the Basis of Ineffective Assistance of Counsel</u>

Counts's remaining points address his claims of ineffective assistance of counsel. In Point II, he claims the motion court clearly erred by denying his amended Rule 29.15 motion because he proved his trial counsel rendered ineffective assistance of counsel by failing to move to strike for cause, or to peremptorily strike, a juror who stated, "I cannot say I will be impartial[.]" Counts similarly argues in Point III that he proved his trial counsel again provided ineffective assistance by failing to strike for cause, or use a peremptory strike on, a juror who disclosed her friendship with a "law enforcement employee would cause her to not be fair and impartial." In Point IV, Counts argues the motion court clearly erred by denying his amended Rule 29.15 motion because the evidence proved trial counsel provided ineffective assistance by admitting in closing argument, "[Counts] did a lot of awful things to [Victim] while she was underage[.]"

We need not analyze or reach the merits of Points II, III, and IV, given Counts's untimely *pro se* Rule 29.15 motion. Counts failed to prove his untimely filing was excused under the third-party-interference exception, or any other qualifying exception, and his untimely filing therefore effectuated a "complete waiver" of any right to seek post-conviction relief under Rule 29.15. Rule 29.15(b). The motion court did not err by not addressing the merits of Counts's ineffective assistance of counsel claims. *See Mack*

12

***v. State***, 635 S.W.3d 607, 610-11 (Mo. App. W.D. 2021) ("When a post-conviction relief motion is untimely, the motion court should not reach the motion's merits.").

Points II, III, and IV are denied.

<u>Remand is Not Required for the Motion Court to Enter Findings of Fact and Conclusions of Law</u>

We note the motion court fell short of the requirements of Rule 29.15 by not issuing findings of fact and conclusions of law. Rule 29.15(j) directs motion courts to "issue findings of fact and conclusions of law <u>*on all issues presented*</u>, whether or not a hearing is held." (Emphasis added). This includes findings of fact and conclusions of law regarding the timeliness of a movant's *pro se* Rule 29.15 motion or whether an exception to timeliness applies. ***Jackson***, 643 S.W.3d at 646. "While there is no precise formula to which findings of fact and conclusions of law must conform, they must address all of the issues raised and be sufficiently specific to allow for meaningful appellate review." ***Lee***, 658 S.W.3d at 218 (quoting ***Grimes v. State***, 260 S.W.3d 374, 375 (Mo. App. W.D. 2008)). Here, despite Rule 29.15(j), the motion court failed to make any findings of fact or conclusions of law regarding the timeliness of Counts's *pro se* Rule 29.15 motion.[3]

Remand is generally required when a motion court fails to issue findings of fact and conclusions of law in post-conviction relief proceedings. *See*, *e.g.*, ***Davis v. State***,

---

[3] The motion court's judgment stated, "The Court requested a written Order following the hearing but not [sic] was received." We remind the motion court its obligation to issue findings of fact and conclusions of law in post-conviction relief proceedings persists notwithstanding the lack of any assistance from the State or the incarcerated. *See* Rule 29.15(j); *see also* Rule 24.035(j). "This unambiguous directive is not a 'mere formality.'" ***Gray v. State***, 378 S.W.3d 376, 383 (Mo. App. E.D. 2012) (quoting ***Crews v. State***, 7 S.W.3d 563, 567 (Mo. App. E.D. 1999)).

673 S.W.3d 482, 488 (Mo. App. W.D. 2023); *see also* **Lee**, 658 S.W.3d at 218.

Otherwise, an appellate court must engage in *de novo* review of a movant's claims to

furnish its own findings and conclusions, contrary to Rule 29.15(k). **Morse v. State**, 620

S.W.3d 117, 119 (Mo. App. W.D. 2021). We are nonetheless convinced remand is not

required here. This Court may "affirm a post-conviction court on any <u>legal</u> ground

supported by the record *if the motion court reached the right result*." **Watson v. State**,

545 S.W.3d 909, 914-15 (Mo. App. W.D. 2018); *see also* **Cox v. State**, 479 S.W.3d 152,

157 (Mo. App. S.D. 2015) ("[W]e will not reverse when the motion court reached the

right result, even if it was for the wrong reason.").

"Missouri courts recognize certain situations where remand is not required even

though the motion court fails to address an issue and enter factual findings." **Jackson**,

643 S.W.3d at 646 (quoting **Mitchell v. State**, 510 S.W.3d 366, 371 (Mo. App. E.D.

2017)). "A remand for finding of facts is not required where such an order would be

useless on an isolated issue where it is clear the movant is entitled to no relief as a matter

of law and will suffer no prejudice by denying a remand." **Jackson**, 643 S.W.3d at 646;

*see also* **Moore v. State**, 659 S.W.3d 635, 640 (Mo. App. E.D. 2023) ("[A]n appellate

court 'will not order a useless remand . . . .'") (quoting **Ervin v. State**, 80 S.W.3d 817,

825-26 (Mo. banc 2002)). Remand is also not necessary "where the motion court

conducted a hearing on a post-conviction motion and no substantial evidence was

presented to support the allegation upon which the court failed to make findings." **Davis**,

673 S.W.3d at 489 (quoting **Watson**, 545 S.W.3d at 915 n.7). Both of these justifications

for forgoing remand apply here.

14

Remand on the isolated issue of untimeliness would be useless because, by failing to prove the third-party-interference exception excused his untimely *pro se* Rule 29.15 motion, it is clear Counts is not entitled to relief as a matter of law and will suffer no prejudice from a lack of a remand. *See Jackson*, 643 S.W.3d at 646 ("Here, it is clear that remand would be useless because [the movant's] timeliness argument fails as a matter of law and he will suffer no prejudice by denying a remand."). In addition, the motion court held two evidentiary hearings, and Counts failed to present substantial evidence showing a recognized exception excused his untimely filing. Remand is therefore not required for the motion court to issue findings of fact and conclusions of law regarding the untimeliness of Counts's *pro se* Rule 29.15 motion.

The motion court's judgment dismissing Counts's *pro se* Rule 29.15 motion as untimely is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS